George Tilzer, J.
Motion by various defendants to dismiss the first, second, fourth, and fifth causes of action, pleaded against all of the defendants, for legal insufficiency.
The first cause of action, in effect, pleads a breach of contract; the second alleges a prima facie tort; the fourth an abuse of process; and the fifth common barratry. Initially, it is noted that there is no merit to plaintiffs’ argument that the instant motion is interposed jointly by all defendants and that, therefore, if a cause of action is good as to any defendant, it must stand as to all. The motion was not made jointly in any legal sense, *1078 and if each defendant, represented by the same attorney, had made a separate motion upon an individual notice thereof, it would have occasioned only a more congested motion calendar and an unnecessary and unwarranted burden upon defendants’ counsel. Moreover, under our modern practice, there is no legal warrant for the proposition advanced by plaintiffs.
As to the first cause of action, no facts are pleaded which would even remotely support a cause of action against defendants Estelle or Avrom Laverne. Neither was a party to the agreement allegedly breached. Accordingly, since the cause was specified as against all defendants, it is dismissed, with leave to replead.
As to the second cause of action, alleged as a conspiracy to commit a prima facie tort, its insufficiency is immediately obvious for lack of any pleading of special damages, as is required (Leather Development Corp. v. Dun & Bradstreet, 15 A D 2d 761). Moreover, no facts are shown sufficient to charge Estelle Laverne under this cause, and it is doubtful that the few factual statements concerning alleged acts by defendant Avrom Laverne would support the cause against him. Furthermore, it is truly contended that a party cannot be charged with a tortious conspiracy to breach his own contractual agreement and, accordingly, the cause against defendant Erwine Laverne cannot stand in any case. The cause is dismissed, with leave to replead, except as against defendant Erwine Laverne.
As to the fourth cause of action, labeled specifically in the complaint as abuse of process, there is no showing as to any defendant that any process was abused after its issuance, as is necessary (Hauser v. Bartow, 273 N. Y. 370). The mere listing of a group of cases, brought on by one or more of these defendants, is not sufficient, even if a few were terminated in plaintiffs ’ favor. Nor is an allegation of malice, even if properly and factually pleaded, which was not done here, enough to rehabilitate an otherwise faulty complaint, being bare of essential factual requirements. Moreover, it is noted that defendant Avrom Laverne is not a party to any enumerated action or proceeding and that defendant Estelle Laverne is plaintiff in only one action, which is still pending. Finally, plaintiffs may not alter this cause of action to one for malicious prosecution by way of their attorney’s brief on this motion. Even such a cause would prove insufficient on the allegations made. The cause is dismissed with leave to replead, except as against defendants Estelle and Avrom Laverne.
As to the fifth cause of action, facts are not set forth to constitute a sufficient pleading. Again, the recitation of a series of *1079 cases brought on by various defendants, buttressed only by vague and conclusory statements, will not support a legal cause. Furthermore, most of the cases are still pending, and there is no showing even as to those disposed of that they were groundlessly and maliciously instituted. In addition, as previously stated, defendant Avrom Laverne is not a party to any of the listed litigation, and defendant Estelle Laverne is plaintiff in only one pending matter. The cause is dismissed with leave to replead, except as against defendants Estelle and Avrom Laverne.
In summary, the first, second, fourth and fifth causes of action are dismissed with leave to replead, if plaintiffs be so advised, except as against the defendants indicated, within 20 days after service of a copy of this order, together with notice of entry thereof.