DOWNEY, Judge.
Appellees sued appellant to foreclose a mortgage on realty in Osceola County, Florida, the legal title to which is held by appellant as trustee under an unrecorded Land Trust Agreement. Appellant moved to dismiss appellees’ complaint on the ground among others, that the complaint failed to join the trust beneficiaries who were alleged to be indispensable parties to the suit. This motion was denied. It is appellant’s contention that Fla.R.Civ.P. Rule 1.210(c) does not authorize suit against the trustee alone because the Land Trust Agreement under which the Trustee was empowered to act did not give the trustee power “to sell and give discharges for the proceeds of the sale, or the rents, income or profits of the estate . . . as required by said rule.
Appellant advises us that in support of the motion to dismiss it tendered to the Court a copy of the Land Trust Agreement in question, that the Court refused to consider it. Appellant further states in the brief that the trial judge “decided that the question of whether or not the beneficiaries must be joined would be better decided as a matter of an affirmative defense rather than on motion to dismiss.”
Fla.R.Civ.P. Rule 1.140 provides that failure to join indispensable parties may be raised by motion. Obviously, this contemplates a speaking motion which should contain the facts demonstrating why the alleged indispensable parties are indispensable. Appellant’s motion to dismiss simply states conclusions. Appellant did not attach a copy of the Land Trust Agreement to its motion to support the allegation relative to indispensable parties. Therefore, while a motion is the proper vehicle to raise the issue of indispensable parties, appellant’s motion was insufficient.
In passing, we note appellees’ reliance upon Grammer v. Roman, 174 So.2d 443 (Fla.2d DCA 1965). However, we do not feel that case is controlling in the state of this record. In Grammer, although the Land Trust Agreement was not disclosed, the deed vesting title in the trustee was before the court and it contained a grant of powers sufficiently broad to bring the case within the purview of both Section 689.071, Florida Statutes (1975), and Fla.R.Civ.P. Rule 1.210(c).
Accordingly, we affirm the trial judge’s denial of appellant’s motion to dismiss without prejudice to appellant’s right to file a new motion setting forth the facts demonstrating the failure to join indispensable parties and attaching a copy of the Land Trust Agreement. With the proper documentary evidence properly before him the trial judge will be in a position to rule on the merits of appellant’s contention regarding indispensable parties.
AFFIRMED.
CROSS and LETTS, JJ., concur.