426 So.2d 1175 (1983)
Philip E. BLAKE and James M. Cole, Appellants,
v.
G.M. MUNCE and Blake and Cole, P.A., a Florida Professional Association, Appellees.
No. 81-1609.
District Court of Appeal of Florida, Fifth District.
February 9, 1983.
*1176 Marcia K. Lippincott, Sanford, for appellants.
Lawrence D. Johnson of Peacock & Johnson, Orlando, for appellee G.M. Munce.
No appearance for appellee Blake and Cole, P.A.
FRANK D. UPCHURCH, Jr., Judge.
Appellants, Blake and Cole, appeal from a final judgment for damages. Appellee, Munce, worked in the office of Blake and Cole, P.A., from September, 1979, until he was terminated from employment on March 28, 1980. Following his termination, Munce filed suit against Blake and Cole individually and Blake and Cole, P.A. Count I alleged breach of contract against Blake, Cole, and Blake and Cole, P.A. Count II was in quantum meruit, alleging that the defendants failed to pay Munce the reasonable value of his services. Count III alleged that Blake and Cole made various misrepresentations to Munce with the intent to persuade him to continue working for them at a depressed compensation level.
Following trial, the jury found for Munce on Counts I and III and returned the following verdicts against the defendants:

*1177
 Blake Cole Blake & Cole, P.A.
Count I $4,514.50 $4,514.50 $10
Count III Compensatory $2,031.00 $2,031.00 $10
 Punitive $1,782.00 $4,156.00 $10

Blake and Cole have appealed (Blake and Cole, P.A., has not) claiming that the trial court erred in failing to grant their motions for directed verdict as to counts I and III.
On count I, the crucial question was whether Blake and Cole, individually, were parties to Munce's employment contract, or whether the contract was merely with Blake and Cole, P.A. The parties agree that Munce and Cole negotiated an oral employment agreement. According to Cole, Munce was invited to work for Blake and Cole, P.A. and no individual guarantees were made to him. Munce admitted that Cole asked him "to come with the firm", that he received his paychecks from Blake and Cole, P.A., and that his employer was indeed Blake and Cole, P.A. Munce also testified that he was aware of what a professional association was.
Munce did testify that there was "no doubt in my mind" that the terms of the contract were guaranteed personally by Cole. Cole denied this. In order for a contract to exist between Munce and Cole, there must have been mutual or reciprocal assent. See Goff v. Indian Lake Estates, Inc., 178 So.2d 910 (Fla. 2d DCA 1965); Mann v. Thompson, 100 So.2d 634 (Fla. 1st DCA 1958). Munce testified to absolutely no facts which establish mutual or reciprocal assent, i.e., that Cole himself indicated his assent to guarantee the terms of the employment contract. Rather, Munce testified only to what he believed in his own mind. Because there was no evidence to support a finding that Blake and Cole were personally liable on the contract, their motion for directed verdict on count I should have been granted. Teare v. Local Union No. 295, 98 So.2d 79 (Fla. 1957).
As to count III, Munce alleged that Cole made various misrepresentations to him to keep him from leaving the firm, including that both he (Cole) and Blake were each earning $50,000 a year. The essential elements of a fraudulent representation are: (1) a false statement concerning a specific material fact; (2) the defendant's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) injury to the plaintiff acting in reliance on the representation. Amazon v. Davidson, 390 So.2d 383 (Fla. 5th DCA 1980); Charter Air Center, Inc. v. Miller, 348 So.2d 614 (Fla. 2d DCA 1977). Generally the representation must be of a past or existing fact. Bower v. Selecman, 52 So.2d 680 (Fla. 1951).
The representation as to the earnings of Blake and Cole involved a statement of an existing fact. Cole admitted that he never made $50,000 a year.[1] Munce testified that he relied on the representation since he was concerned with the financial viability of the firm when he went to work for it and the representation helped to alleviate his fears. As to injury, Munce testified that as a result of financial difficulties encountered by the firm, he was not paid for some weeks of work and for expenses for which he was entitled to reimbursement and that this amount exceeded $3,000.00.
Since there was evidence to support recovery against Cole under the theory of fraudulent misrepresentation, the trial court correctly denied Cole's motion for a directed verdict on count III.[2] However, *1178 the trial court incorrectly denied Blake's motion for a directed verdict on this count, since the evidence was uncontradicted that Blake himself did not make any misrepresentations to Munce.[3]
AFFIRMED in part and REVERSED in part.
ORFINGER, C.J., and DAUKSCH, J., concur.
NOTES
[1] While Cole also denied that he ever made the statement in question to Munce, it was for the jury to resolve this conflict.
[2] The fact that Cole was an agent for the firm (a disclosed principal) in personnel matters, does not bar recovery against him since an agent (as well as the principal) may be liable for fraudulent misrepresentations which he makes in the course of his employment. Wheeler v. Baars, 33 Fla. 696, 15 So. 584 (1894). See also Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172 (5th Cir.1968).
[3] The award of punitive damages against Cole under count III can also be sustained though the award of such damages against Blake must be stricken. See American Motorcycle Institute v. Mitchell, 380 So.2d 452 (Fla. 5th DCA 1980).