496 So.2d 242 (1986)
Dr. M.A. MANNISH, Appellant,
v.
Lorenzo E. LACAYO and Ken Stanojevich, Appellees.
No. 86-607.
District Court of Appeal of Florida, Third District.
October 28, 1986.
James T. Armstrong, James C. Blecke, Miami, and Susan S. Lerner, for appellant.
No appearance for appellees.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal by the plaintiff from an adverse final judgment entered upon a motion for summary judgment for one defendant and a motion for directed verdict for another defendant in a fraud action. The fraud action below was brought by the plaintiff Dr. M.A. Mannish against the defendants Lorenzo E. Lacayo and Ken Stanojevich. The plaintiff's evidence adduced below tended to show that (a) the defendants, acting as agents for their principal [a corporation], made certain fraudulent misrepresentations of fact to the plaintiff, (b) the plaintiff relied on these misrepresentations to his detriment, and (c) suffered a loss of half a million dollars as a result. We reverse the final judgment under review and remand for a new trial based on the following briefly stated legal analysis.
First, the defendants herein are not immune from liability in this cause because they were acting as agents for their principal, *243 a corporation, when they engaged in the alleged tortious misrepresentations. The law is clear that an agent, as well as his principal, is liable for fraud perpetrated by the agent within the course and scope of his agency. Wheeler v. Baars, 33 Fla. 696, 15 So. 584 (1894); Blake v. Munce, 426 So.2d 1175 (Fla. 5th DCA 1983); Restatement (Second) of Agency § 348 (1958).
Second, the fact that the plaintiff testified in deposition that he did not believe that the defendant Stanojevich was personally liable for his misrepresentations did not justify the entry of a summary judgment in favor of said defendant. A party's mistaken belief as to his legal rights, as here, cannot possibly extinguish those rights. LaGasse v. Aetna Insurance Co., 213 So.2d 454 (Fla. 2d DCA 1968), rev'd on other grounds, 223 So.2d 727 (Fla. 1969).
Third, we have examined the record and find no merit in the other asserted basis for the judgment below. See Fulmer v. Northern Central Bank, 386 So.2d 856 (Fla. 2d DCA 1980), pet. for review denied, 394 So.2d 1152 (Fla. 1981); City National Bank of Miami v. Simmons, 351 So.2d 1109 (Fla. 4th DCA 1977).
The final judgment under review is reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.