534 So.2d 757 (1988)
THOMSON McKINNON SECURITIES, INC., Appellant,
v.
Michael LIGHT, Appellee.
BIONIC INSTRUMENTS OF DELAWARE, INC., a Florida Corporation, Michael Dermer and Michael Light, Appellant,
v.
THOMSON McKINNON SECURITIES, INC., Appellee.
Nos. 86-3091, 87-1024.
District Court of Appeal of Florida, Third District.
November 15, 1988.
Rehearing Denied December 28, 1988.
*758 Stein, Rosenberg & Winikoff and Jack Stein, Ft. Lauderdale, for appellant/appellee Thomson McKinnon Securities.
Greenfield & DuVal and Leo Greenfield, for appellees/appellants Bionic Instruments, Inc., Michael Light and Michael Dermer.
Before HUBBART and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
Thomson McKinnon Securities, Inc. (Thomson) appeals from part of a final judgment which awards Michael Light damages for abuse of process and malicious prosecution. Michael Light, Michael Dermer and Bionic Instruments of Delaware, Inc. (BID) cross-appeal that part of the final judgment which awards damages to Thomson.
Light and Dermer own a controlling interest in BID, a corporation which opened a margin account with Thomson, a securities broker. The brokerage agreement gave Thomson the right to require additional collateral and the right to sell any securities when necessary to protect the BID account. Subsequently, BID formed a wholly owned subsidiary, Bionic Financial Corporation (Bionic), and transferred all securities into the new corporation.
On February 27, 1981, Paul Bach, Thomson's account executive, contacted Michael Light, the president of Bionic, and requested additional collateral because of a decline in the value of Bionic's stock portfolio. Light issued a $20,000 check to Thomson on March 5. Ten days later, the check was returned due to insufficient funds. The next day, Michael Dermer, Bionic's vice-president, *759 issued a second $20,000 check to Thomson. The second check was also returned for lack of funds.
On March 19 Thomson liquidated the Bionic account. During the twenty-day period beginning from the date of the margin call until the date of liquidation, the market declined, resulting in a $39,087.18 net loss to Thomson.
Thomson initiated a prosecution by the state attorney for the returned checks by giving a sworn statement. The state filed an information charging Light with uttering a worthless check. Later, however, the criminal charges were dismissed.[1] Thomson filed a civil complaint against Light, Dermer, Bionic, and BID seeking damages allegedly incurred as a result of the fraudulently uttered worthless checks. The defendants answered and filed a counterclaim alleging abuse of process, breach of contract, and malicious prosecution.
At the ensuing trial, Light and Dermer admitted that they issued the checks knowing that they were not covered by funds in the bank account. The defendants maintained, however, that they had informed Thomson that the funds in the bank were insufficient to cover the checks and that Thomson had agreed to accept and hold the checks until sufficient funds were obtained. Paul Bach, the account executive for Thomson, disputed the defense and testified that Light and Dermer continually represented to him that the checks were good.
The trial court ruled in Thomson's favor on all four counts of its complaint and awarded damages. Nevertheless, the court granted judgment for Light on the counterclaims for abuse of process and malicious prosecution, awarding Light $50,000 in damages on each count.
Thomson contends that the finding in favor of Light on the malicious prosecution and abuse of process counts is inconsistent with the finding in Thomson's favor on the claim for fraudulent uttering of a worthless check. We agree and reverse the judgment and damage award for Light on the counterclaim for malicious prosecution and abuse of process.
It is settled law in Florida that an absence of probable cause for the commencement or continuance of an original criminal or civil judicial proceeding is an essential element in an action for malicious prosecution. Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla. 1986); K-Mart Corp. v. Sellars, 387 So.2d 552 (Fla. 1st DCA 1980); Hunter v. First Baptist Church, Inc., 294 So.2d 355 (Fla. 4th DCA 1974). The Florida supreme court has defined probable cause with regard to a malicious prosecution action as "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Goldstein v. Sabella, 88 So.2d 910, 911 (Fla. 1956).
Here, the evidence demonstrated, and the trial court found, that Light persuaded Thomson to keep the account open with false assurances to Paul Bach that the $20,000 check was good. At trial Light admitted that he issued the check knowing that the account held insufficient funds. After the presentation of all the evidence, the trial judge ruled in Thomson's favor on Count III which alleged that Light issued the check for the purpose of deceiving and defrauding Thomson. Therefore, we must reject Light's contention that the action of the circuit court in dismissing the criminal charges against Light constitutes proof of the absence of probable cause.
First, a dismissal of criminal charges does not alone establish an absence of probable cause. Phelan v. City of Coral Gables, 415 So.2d 1292 (Fla. 3d DCA 1982); Weissman v. K-Mart Corp., 396 So.2d 1164 (Fla. 3d DCA 1981). Second, the ruling adverse to Light in the civil case  finding that he fraudulently uttered a worthless check  is consistent with the existence of probable cause. Because Light failed to carry his burden of proof to show that the criminal proceeding was initiated or continued by Thomson without *760 probable cause, the trial court erred in entering a judgment against Thomson on Light's counterclaim for malicious prosecution.[2]
The finding in favor of Light on the count for abuse of process was also error because the finding is without evidentiary support. A cause of action for abuse of process requires proof that: (1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper or perverted process; and (3) the plaintiff was injured as a result of defendant's action. Della-Donna v. Nova Univ., Inc., 512 So.2d 1051 (Fla. 4th DCA 1987). Light presented no evidence on any of the three elements necessary to establish a misuse of process. To the contrary, the evidence adduced at the civil trial demonstrated that Thomson made proper use of the criminal process to "remedy the evil of giving [worthless] checks... ." § 832.05, Fla. Stat. (1985). There is no abuse of process when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior motive. See Bothmann v. Harrington, 458 So.2d 1163 (Fla. 3d DCA 1984). A judgment for Light on the counterclaim for abuse of process was erroneous as a matter of law.
Light and Dermer contend that a judgment could not be entered against them personally because they issued the checks as corporate officers of Bionic. The general and controlling principle of law is that corporate officers are liable for acts of fraud perpetrated on the corporation's creditors. Tourismart of Am., Inc. v. Gonzalez, 498 So.2d 469 (Fla. 3d DCA 1986) (agent for corporation not shielded from liability for issuance of checks with knowledge that there were insufficient funds to cover them); Mannish v. Lacayo, 496 So.2d 242 (Fla. 3d DCA 1986) (corporate agents are not immune from liability for their tortious misrepresentations merely because they were acting as agents for the corporation); see generally H. Henn & J. Alexander, Laws of Corporations § 230 (1983). No facts are presented for applying an exception to the rule.
The part of the judgment finding for Light on the counterclaim counts for abuse of process and malicious prosecution is reversed; the judgment is otherwise affirmed.
NOTES
[1] The reason for dismissal is not part of the record.
[2] For a discussion on the considerable burden placed on the plaintiff in a malicious prosecution action, see W. Prosser Laws of Torts § 119 (4th ed. 1971).

Because we find that Light failed to prove an absence of probable cause, we need not reach Thomson's claim of statutory immunity pursuant to section 832.07, Florida Statutes (1985).