**Terri Ann McCULLAR; Nellie Ridgeway; and Sylvester Ridgeway, Sr., Movants,**

v.

**CREDIT BUREAU SYSTEMS, INC., Respondent.**

**No. 91–SC–000416–DG.**

Supreme Court of Kentucky.

June 4, 1992.

James M. Auser, Weber & Rose, A.P.S.C., Louisville, for movants.

John T. Reed, Paducah, for respondent.

## OPINION OF THE COURT

■ After a complete review of the briefs and applicable statutory provisions, the decision of the Court of Appeals is affirmed and is hereby adopted by the Kentucky Supreme Court.

"BEFORE: CLAYTON, MILLER and STUMBO, JUDGES.

"CLAYTON, JUDGE: This appeal arises from a proposed class action which seeks to vacate all judgments obtained by the appellee, Credit Bureau Systems, Inc., for violation of champerty under KRS 372.060. The McCracken Circuit Court dismissed the action for failure to state a claim. We affirm.

The instant case is in some respects the "fallout" from two (2) previous actions. In 1985 the Credit Bureau filed the first suit based on various assignments of accounts, seeking to enforce debts owed to creditors of Sylvester Ridgeway, Sr., and Nellie Ridgeway. The McCracken Circuit Court dismissed the 1985 lawsuit on the grounds that the assignment of accounts was champertous. The Court of Appeals affirmed the circuit court in the unpublished opinion, *Credit Bureau of Paducah v. Sylvester Ridgeway, Sr., and Nellie Ridgeway*, 86–CA–001324–MR.

In 1989, the Credit Bureau filed the second suit on an assignment of accounts and received a default judgment against Terri Ann McCullar in the Graves District Court. Ms. McCullar filed a 60.02 motion to vacate the judgment which was sustained. The district court then allowed the Credit Bureau to name the actual creditors as plaintiff in the action.

The Ridgeways and Ms. McCullar filed the current action on behalf of themselves and others similarly situated (1) to have all judgments entered in the favor of the Credit Bureau based upon the void champertous assignments declared void; (2) to return all monies thus collected to the proper parties, plus interest; and (3) for an award of general and punitive damages for the champertous acts of the Credit Bureau.

The Credit Bureau filed a motion to dismiss for failure to state a claim and that the claims of the plaintiffs had already been adjudicated in the previous actions. The trial court sustained the Credit Bureau's motion.

The question presented is whether an express cause of action is recognized at law for champerty that allows a judgment debtor to maintain an action against the plaintiff who obtained the judgment solely on the basis that the agreement with the actual creditor was champertous. After a review of the law, it appears that a collateral action by a stranger to the champertous contract is not now recognized. *See Security Underground Storage, Inc., v. Anderson*, 347 F.2d 964, 969 (10th Cir., 1965); *American Hotel Management Associates, Inc., v. Jones*, 768 F.2d 562 (4th Cir., 1985). Modern remedies for damages are to be pursued through such tort actions as malicious prosecution, abuse of process, or wrongful initiation of litigation. The champerty doctrine remains viable only as a defense in contract actions. *American Hotel, supra* at 570.

Indeed, we were unable to locate any Kentucky cases where a collateral cause of action for champerty was recognized. Several cases, however, exist where champerty was stated to be available as a defense. *See Cumberland Telephone & Telegraph Co. v. Maxberry*, 121 S.W. 447 (1909); *Wemhoff v. Rutherford*, 98 Ky. 91 (1895). In *Cumberland, supra* at 448–449, the court stated:

"... This does not mean that when a party has a cause of action existing at the time he makes the champertous contract, he shall forfeit his right to recover thereon, but that neither he nor the champertor shall have any right of action or suit on the contract made in violation of the statute for the prosecution of the cause of action then existing. In other words, the statute does not cause the creditor who enters into a champertous

contract to forfeit to his debtor the debt which was the subject of the champertous agreement. The statute does not declare the cause of action which was the subject of the champertous agreement null and void, but declares the champertous agreement null and void. A champertous contract (other than one relating to real estate) for the prosecution of a cause of action is no defense, and the champerty can only be set up by a party thereto when the champertous agreement is sought to be enforced. *Burnes v. Scott,* 117 U.S. 588 [582], 6 Sup.Ct. 865, 29 L.Ed. 991; *Robinson [Robison] v. Beall,* 26 Ga. 27 [17]; *Small v. C., R.I. & P.R. Co.,* 55 Iowa, 582, 8 N.W. 437; *Pennsylvania Co. v. Lombardo,* 49 Ohio St. 1, 29 N.E. 573, 14 L.R.A. 785. However, should a creditor transfer his cause of action to an attorney, or other person, under an agreement that the suit should be prosecuted in the name of the attorney, or such other person, and for thus prosecuting the suit the attorney or such person was to have a part thereof for such services, then it would be available as a defense, because it would be an action the direct effect of which would be the enforcement of the champertous agreement".

We do not conclude that the fact champerty may be raised as a defense under certain circumstances that it also must exist as a separate express action for damages. Having so held we do not find it necessary to reach the issue of whether the trial court erred in holding that the action was barred under the principles of *res judicata.*

The Order of Dismissal of the McCracken Circuit Court is affirmed."

STEPHENS, C.J., concurs.

LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

COMBS, J., dissents without separate opinion.