795 So.2d 1107 (2001)
Rudolph L. HARDICK, Appellant,
v.
David K. HOMOL, et al., Appellee.
No. 5D00-1836.
District Court of Appeal of Florida, Fifth District.
October 5, 2001.
*1108 Jason M. Gordon of Law Offices of Jason M. Gordon, Cocoa Beach, for Appellant.
David G. Larkin of Fallace & Associates, P.A., Melbourne, for Appellee John W. Walden.
Kevin Knight of Drage, Debeaubien, Knight, Simmons, Mantzaris & Neal, Orlando, for Appellee Robert Baugher.
(David K.) Donald Homol, Cocoa Beach, George Panton, Jr., Melbourne Beach, and John Maddelin, Jr., Cape Canaveral, pro se.
PALMER, J.
Rudolph Hardick (Hardick) appeals the final order entered by the trial court dismissing with prejudice his third amended complaint for failing to state a cause of action. The complaint alleged causes of action for maintenance and champerty. Concluding that, in Florida, claims for maintenance and champerty have been supplanted by causes of action for malicious prosecution and abuse of process, frivolous litigation statutes, and rules of professional conduct for attorneys, we affirm the instant dismissal order.
*1109 Hardick's original complaint alleged that appellees had conspired to have false criminal charges filed against him, maliciously engaged in a conspiracy to initiate a lawsuit for the purpose of harassment, and furthered the conspiracy by initiating lawsuits against his family, friends, and business associates. A motion to dismiss the original complaint was granted. An amended complaint and a second amended complaint were subsequently filed yet both basically repeated the same allegations and were likewise dismissed. Hardick then retained an attorney to represent him, who filed a third amended complaint which contained many of the same allegations as set forth in the previous complaints, but which asserted causes of actions for maintenance and champerty. Appellees moved to dismiss the complaint and the trial court granted the motion with prejudice, concluding that the allegations of the third amended complaint did not state a cognizable cause of action.
The threshold, and as it turns out determinative, question presented in this case is whether the causes of action of maintenance and champerty exist in Florida. We hold that they are not viable causes of action today, but instead, only remain as affirmative defenses.
Under English common law, a party who was injured by a groundless or speculative lawsuit could sue by asserting claims of maintenance and champerty. "Maintenance is defined as an officious intermeddling in a suit which in no way belongs to the intermeddler, by maintaining or assisting either party to the action, with money or otherwise to prosecute or defend it." Kraft v. Mason, 668 So.2d 679, 682 (Fla. 4th DCA 1996)(quoting 9 Fla. Jur.2d. Champerty and Maintenance § 1 (1979)). Champerty, meanwhile, "is a form of maintenance wherein one will carry on a suit in which he has no subjectmatter interest at his own expense or will aid in doing so in consideration of receiving, if successful, some part of the benefits recovered." Id. (quoting 14 C.J.S. Champerty and Maintenance § la (1991)). "Historically, the common-law doctrines of champerty and maintenance arose in England from causes unique to society as it then existed." Id. (quoting 14 Am.Jur.2d. Champerty and Maintenance § 1 (1964)). "The power of influential persons to whom rights of action were transferred in order to obtain their support and favor in suits brought to assert those rights was the cause of the rigid doctrines ... and as civilization and law progressed, the need for these strict rules decreased." Id. (quoting 14 C.J.S. Champerty and Maintenance § 3 (1991) and 14 Am.Jur.2d, supra, § 1).
In considering this issue we begin with the proposition that "the common law of England is in effect in Florida except insofar as it is modified or superceded by statute," Wester v. Rigdon, 110 So.2d 470, 472 (Fla. 1st DCA 1959)(citing section 2.01 of the Florida Statutes),[1] or where the reason for the rule of law ceases to exist, or when change is demanded by public necessity or required to vindicate fundamental rights. See Stone v. Wall, 734 So.2d 1038, 1044 (Fla.1999); Hoffman v. Jones, 280 So.2d 431, 435-36 (Fla.1973). Thus, since maintenance and champerty were viable causes of action under the English common law, they must be recognized as viable causes of action in Florida *1110 unless they have been supplanted by statute or otherwise.
This issue has not been specifically addressed by the Florida courts. Instead, the few cases that involve dismissal of complaints based on these causes of action have assumed, without deciding, that such causes of action still exist. For example, the Third District, when confronted with an appeal from a trial court's dismissal of an action for maintenance and champerty, affirmed the dismissal stating: "Assuming arguendo, that a civil action lies in Florida for champerty and maintenance, there are no allegations in these pleadings that defendants were to share in the proceeds of any lawsuit." Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736, 737 (Fla. 3d DCA 1971). A survey of Florida case law reveals that the vast majority of Florida cases discussing champerty and maintenance recognize them only as affirmative defenses. See Savage v. Horne, 49 So.2d 329 (Fla.1951)(noting that champerty raised as defense to assignment of contract); Nationwide Mut. Ins. Co. v. McNulty, 229 So.2d 585 (Fla.1970)(noting that champerty asserted as defense to assignment of contract); Winthrop & Joseph, Inc. v. Marriott Resort Hospitality Corp., 695 So.2d 789 (Fla. 5th DCA 1997) (applying champerty as a defense to contract action); Cone v. Benjamin, 157 Fla. 800, 27 So.2d 90, 107 (1946)(stating that the laws against champerty and maintenance cannot be used as offensive weapons against defendant).
Other jurisdictions have similarly questioned the existence of champerty and maintenance as viable causes of action for damages. For example, the Second Circuit Court of Appeals held that there were no causes of action for maintenance and champerty under New York law, explaining:
[T]here is no established New York tort encompassing maintenance and champerty. Although such a tort has made rare appearances in the decisional law of some jurisdictions, see, e.g., Schnabel v. Taft Broadcasting Co., 525 S.W.2d 819 (Mo.App.1975); Golden Commissary Corp. v. Shipley, 157 A.2d 810 (D.C.Mun.Ct.App.1960), only a lone New York Supreme Court case, Piranesi Imports, Inc. v. Laverne, 36 Misc.2d 1077, 233 N.Y.S.2d 659 (1962), suggests that such a tort might exist at common law in New York. As long ago as 1887, English legal scholar Fredrick Pollock noted that actions for the wrong of maintenance `are in modern times rare though possible.' (citation omitted). And the modern American treatises do not mention the tort at all.
Alexander v. Unification Church of Am., 634 F.2d 673, 678 (2d Cir.1980), abrogation recognized by PSI Metals, Inc. v. Firemen's Ins. Co. of Newark N.J., 839 F.2d 42, 43 (2nd Cir.1988).
The Tenth Circuit Court of Appeals, applying Kansas law, also ruled that there was no cause of action for maintenance or champerty: "It is generally accepted that a cause of action for damages arising out of the common-law doctrine of champerty and maintenance as it was then known, is not now recognized." Security Underground Storage, Inc. v. Anderson, 347 F.2d 964, 969 (10th Cir.1965) (citations omitted). "The decisional law of today dealing with the subject usually involves the validity of contracts asserted to be violations of the doctrine." Id. (citations omitted). Similarly, an Ohio appellate court stated that the torts of champerty and maintenance are not recognized as causes of action under Ohio law in that champerty and maintenance have been supplanted by the tort actions of malicious prosecution and abuse of process, other statutes, and the code of professional responsibility for attorneys. Tosi v. Jones, *1111 115 Ohio App.3d 396, 685 N.E.2d 580, 583 (1996). The Supreme Court of Kentucky has also held: "After a review of the law, it appears that a collateral action by a stranger to a champertous contract is not now recognized." McCullar v. Credit Bureau Systems, Inc., 832 S.W.2d 886, 887 (Ky.1992)(explaining that modern remedies for damages are to be pursued through such tort actions as malicious prosecution, abuse of process, or wrongful initiation of litigation) (citations omitted). But see Weigel Broadcasting Co. v. Howard Topel, No. 83-C-7921, 1985 WL 2360 (N.D.Ill.1985)(holding that, under Illinois law, a cause of action for maintenance exists but explaining that it is so rare in modern times that the law on the subject is neither settled nor clear). The basis of these rulings finding no causes of action is exemplified by the Tenth Circuit's conclusion that the conduct which was formerly the subject of action for maintenance and champerty; namely, groundless and speculative lawsuits, is now more commonly redressed by means of actions for abuse of process and wrongful initiation of litigation, or malicious prosecution. Anderson, 347 F.2d at 969. "It has been specifically held that the doctrine of champerty remains viable only as a defense in contract actions, [and] that damages resulting from a champertous agreement can be recovered only by means of an action under one of the aforementioned theories of recovery." 14 Am.Jur. Champerty, Maintenance, and Barratry § 4 (2000)(citing McCullar v. Credit Bureau Systems, Inc., 832 S.W.2d 886 (Ky.1992)). We concur with this reasoning and adopt it as our own.
In reaching this conclusion we are persuaded that maintenance and champerty have been supplanted by the causes of action of malicious prosecution and abuse of process coupled with other remedies.[2] For instance, the Florida Legislature has passed an assortment of statutes that effectively combat speculation in groundless lawsuits and the filing of frivolous suits that were the evils intended to be curtailed by allowing causes of action for champerty and maintenance. Particularly, section 57.105 of the Florida Statutes (1997), as amended in 1999, provides the authority for courts to sanction litigants and attorneys for filing frivolous lawsuits, and Chapter 766, Florida's medical malpractice statute, incorporates a pre-suit screening process that is designed to combat the filing of frivolous lawsuits. §§ 766.201-212, Fla. Stat. (2001). Also, rule 4-3.1 of the Florida Rules of Professional Conduct prohibits attorneys from bringing or defending a proceeding, unless there is a basis for doing so that is not frivolous.
Concluding that the causes of action for maintenance and champerty have been supplanted by causes of action for malicious prosecution and abuse of process, frivolous litigation statutes, and rules of *1112 professional conduct for attorneys, we affirm the instant dismissal order.
AFFIRMED.
THOMPSON, C.J., and HARRIS, J., concur.
NOTES
[1] Section 2.01 of the Florida Statutes (2000) states: "The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the 4th day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the Constitution and laws of the United States and the acts of the Legislature of this state."
[2] The elements of malicious prosecution are (1) a legal proceeding commenced or continued against the plaintiff, (2) the defendant caused or commenced the proceeding, (3) the proceeding had a bona fide termination in plaintiff's favor, (4) there was no probable cause for commencing the proceeding, (5) the defendant acted with malice, and (6) the plaintiff suffered damage. Union Oil of California, Amsco Div. v. Watson, 468 So.2d 349 (Fla. 3d DCA 1985). A cause of action for abuse of process requires proof that: (1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper or perverted process; and (3) the plaintiff was injured as a result of defendant's action. Thomson McKinnon Securities, Inc. v. Light, 534 So.2d 757, 760 (Fla. 3d DCA 1988)(citing Della-Donna v. Nova Univ., Inc., 512 So.2d 1051 (Fla. 4th DCA 1987)).