ROTHENBERG, J.
Portfolio Investments Corp. (“Portfolio”) appeals from a Final Consent Judgment for Foreclosure entered in favor of Deutsche Bank National Trust Company (“Deutsche Bank”) and against Annette Mendez (“Mendez”). We affirm all portions of the final judgment except for Paragraph 10, and remand for the limited purpose of addressing the priority of liens.
Deutsche Bank filed a complaint seeking to foreclose a mortgage executed by Mendez and to re-establish the lost note and mortgage, attaching a copy of the mortgage and an assignment of mortgage from the original lender to Deutsche Bank. In addition to Mendez, Deutsche Bank named Ten Aragon Condominium Association, Inc. (“Association”) as a defendant, alleging that the Association held a lis pendens and claim of lien on the mortgaged property that is subordinate and inferior to Deutsche Bank’s interest.
The Association filed an answer to the complaint denying the allegation that its claim of lien was subordinate and inferior. Mendez, however, did not file an answer, and a default was entered against her. Thereafter, Deutsche Bank filed a motion for summary judgment.
More than two years after the foreclosure action was filed, the Association sold and assigned its claim of lien to Portfolio Investments Corp. (“Portfolio”). Within days of the assignment, Portfolio filed a Notice of Lis Pendens and a “Crossclaim to Foreclose Condominium Lien” against Mendez seeking an accounting and a monetary judgment. After filing its cross-claim, Portfolio began to actively participate in the litigation by noticing Mendez for a deposition, propounding discovery on Deutsche Bank, re-noticing the parties that Mendez’s opposition to the deposition would be addressed at a status conference hearing, attending hearings, and filing other motions. In fact, the trial court ruled on several matters directly affecting Portfolio, including ordering Mendez to appear *536 for deposition and warning her that if she failed to appear, a default would be entered against her as to the crossclaim. Although Portfolio did not move to intervene, see Fla. R. Civ. P. 1.230, or to substitute itself for the Association, see Fla. R. Civ. P. 1.260(c), Portfolio actively participated in the litigation without objection from either Mendez or Deutsche Bank.
Ultimately, the trial court granted Deutsche Bank’s motion for summary judgment after Mendez’s counsel informed the trial court that Mendez had no objection. Deutsche Bank submitted the Final Consent Judgment for Foreclosure, which was executed by Deutsche Bank and Mendez, along with the original note, mortgage, and assignment of mortgage. Paragraph 10 of the consent judgment provides that Deutsche Bank’s lien is superior to the Association’s claim of lien. The trial court executed the judgment, and thereafter, it denied Portfolio’s motion for rehearing and to set aside the summary judgment. Portfolio’s appeal follows.
Portfolio has raised several arguments on appeal. In its answer brief, however, Deutsche Bank does not address these arguments, but merely argues that Portfolio lacks standing to bring this appeal because it did not move to intervene or to substitute itself for the Association. Under the unique circumstances of this case, we disagree.
Generally, a non-party in the lower tribunal is a “stranger to the record” and, therefore, lacks standing to appeal an order entered by the lower tribunal. Barnett v. Barnett, 705 So.2d 63, 64 (Fla. 4th DCA 1997) (holding that bank that failed to intervene “was not a party to the proceeding below,” and therefore, “has no standing to appeal the adverse order”); see also Fla. R.App.P. 9.020(g)(1) (defining “appellant” as “[a] party who seeks to invoke the appeal jurisdiction of a court”) (emphasis added); Morrell v. Nat'l Health Investors, Inc., 876 So.2d 580, 580-81 (Fla. 1st DCA 2004) (dismissing appeal as person filing appeal “was not a party to the proceedings below” and, therefore, “cannot participate in appellate review”); Penabad v. A.G. Gladstone Assocs., 823 So.2d 146, 147 (Fla. 3d DCA 2002) (dismissing appeal for lack of standing because individual filing appeal “was not a party to the underlying motion to dissolve lis pendens”); Cf. Visoly v. Sec. Pac. Credit Corp., 768 So.2d 482, 489 (Fla. 3d DCA 2000) (holding that as to the assessment of attorney’s fees under section 57.105, “[a] ‘party’ is defined under Florida law as any person who participates in litigation regardless of whether or not actually named in the pleadings”).
In the instant case, it is undisputed that Portfolio was not a named party and did not seek to intervene or to substitute itself for the Association. However, under the unique circumstances of this case, there is no doubt that Portfolio was not a “stranger to the record.” Within days of Portfolio’s purchase of the claim of lien, Portfolio actively began to participate in the litigation. Moreover, the record demonstrates that Deutsche Bank and Mendez understood that Portfolio, as the assignee of the Association’s claim of lien, had stepped into the Association’s shoes and had adopted the position raised by the Association in its answer to the complaint, and that Deutsche Bank and Mendez did not object to Portfolio’s participation in the litigation. Further, the trial court treated Portfolio as party to the litigation by ruling on Portfolio’s motions and allowing it to participate at hearings. Under these circumstances, we reject Deutsche Bank’s *537 argument, raised for the first time in its answer brief, that Portfolio lacks standing to appeal the order under review.[1]
In its answer brief, Deutsche Bank failed to address the merits of Portfolio’s arguments, but we have done so, finding merit as to one of its contentions. Portfolio’s crossclaim sought an accounting of the amount due by Mendez and a monetary judgment against Mendez, but did not assert any claim against Deutsche Bank or a claim that Portfolio’s lien is superior to Deutsche Bank’s interest. However, as Portfolio stepped into the shoes of the Association, and the Association’s answer asserted that its claim of lien was superior to Deutsche Bank’s interest, this issue relating to priority of liens was before the trial court. The record before this Court demonstrates that Deutsche Bank did not properly notice Portfolio that its motion for summary judgment would be addressed at a hearing. Fla. R. Civ. P. 1.510(c). Accordingly, we affirm all portions of the final consent judgment except for Paragraph 10 as it directly affects Portfolio’s interest, and remand for further proceedings. On remand, the trial court is instructed to address the priority of the liens at a properly noticed hearing.[2]
Affirmed, but remanded.

. Portfolio's active participation in the litigation, without being formally substituted for the Association, was first addressed at a June 16, 2011 hearing before Judge Marvin H. Gillman on Portfolio’s motion to cancel the foreclosure sale and to set aside the final judgment. Portfolio’s participation in the litigation was first questioned when Judge Gill-man asked how Portfolio "legally got in this case.” Later on during the hearing, the trial court stated: "But there was no substitution of the parties here by Portfolio Investments being substituted for Ten Aragon Condominium Association.” In response, Mr. Alfonso J. Perez, Portfolio's president and the attorney who represented the Association, stated: "Well, again, Judge Deehl found that Portfolio was the proper party by entering that or-der_ He recognized Portfolio’s claim saying 'you must appear for a deposition, Ms. Annette Mendez, for your default.' " At that point, Deutsche Bank did not question Portfolio's standing to appear before the lower tribunal. However, toward the end of the hearing, when Judge Gillman indicated that he could not locate an order allowing Portfolio to intervene or to be substituted for the Association, Deutsche Bank's counsel stated, "I don’t see a formal order intervening. That's what I’m asking for a copy.” Thereafter, Judge Gillman stated: “You are correct about that. But there is no Motion to Intervene. But, be that as it may, you still have people appearing....”

. Portfolio's crossclaim is still pending below, and we take no position as to the merits of the crossclaim.