ALTENBERND, Judge.
Tina Zaffuto, as personal representative of the estate of Robert T. Zaffuto, is attempting to appeal an order that denied a motion to amend the plaintiffs complaint “with prejudice.” It appears that everyone involved in this case in the trial court had the best of intentions, but the resulting order is extraordinarily unusual and must be quashed.
Ms. Zaffuto filed a wrongful death action alleging theories of medical negligence against several defendants, including St. Joseph’s Hospital (St. Joseph’s). After the case had been pending approximately one year, she sought to add two more defendants to the suit. Accordingly, she filed a motion to amend the complaint to add James Hanner, M.D., and S.D.I. Diagnostic Imaging (S.D.I.) as defendants.[1]
In response to this motion, the law firm that is representing Dr. Hanner and S.D.I. in this proceeding filed a notice of appearance in the trial court on behalf of them as “potential defendants.” It filed a memorandum in opposition to the motion, arguing that the statute of limitations had run as to these two potential defendants and, thus, there was no reason to litigate the claims against them.
The trial court conducted a hearing on the motion to amend, which was attended by the attorneys for the “potential defendants.” The trial court was apparently convinced that the statute of limitations would bar any claims against the two “potential defendants.” Accordingly, it denied the motion to amend. Counsel for the “potential defendants” assisted in the preparation of the order, which denied the motion to amend “with prejudice” as to the claims against the “potential defendants.”
Ms. Zaffuto appealed the trial court’s ruling, assuming that a denial “with prejudice” was a final order. She listed the “potential defendants” as appellees. Ms. Zaffuto’s attorney briefed the case and the attorneys for the “potential defendants” filed an answer brief. The attorneys all assumed this was a proper final appeal. When the matter was set for oral argument, this court realized that the case was procedurally irregular.
Simply stated, Florida Rule of Civil Procedure 1.210(a) does not recognize any category known as “potential defendant.” The fact that a proposal to amend a complaint, if granted and served upon a person, creates an “interest adverse to the plaintiff’ does not make the person a party prior to the amendment. See Fla. R. Civ. P. 1.210(a). Likewise, a “potential defendant” does not become a “potential appel-lee” when a notice of appeal is filed, much less an actual appellee. As a result, we have concluded that this proceeding cannot be a direct appeal but must be treated as a petition for writ of certiorari. See Fla. R. App. P. 9.040(c); Hohl v. Croom Motorcross, Inc., 358 So.2d 241, 242 (Fla. 2d DCA 1978) (converting interlocutory appeal from order denying motion to file amended complaint into petition for writ of certiorari in wrongful death action). We have concluded that the only category that we can use to describe Dr. Hanner and S.D.I. is amicus curiae. Although St. Joseph’s appears to have little interest in the issue raised in this proceeding, we list St. Joseph’s as the respondent in this action *1201 because it appears to be the only remaining party in the trial court. See Fla. R. App. P. 9.020(g)(4), 9.100(b).
From a review of the transcript of the hearing on the motion to amend, it is clear that everyone wished to reach the merits of the statute of limitations defense. Procedurally if the parties and the trial court had deemed the proposed amendment filed and served and had likewise deemed the statute of limitations defense as raised in answers by Dr. Hanner and S.D.I., then the trial court could have granted a motion dismissing the amended complaint with prejudice. That order would have been an appealable final order. Unfortunately, that is not the procedure that was taken.
We conclude that the trial court did not have jurisdiction over Dr. Hanner and S.D.I., as parties, and did not have subject matter jurisdiction over any claim between Ms. Zaffuto and these two “proposed defendants.” Accordingly, it lacked the power to resolve the claim on the merits, and it departed from the essential requirements of the law when it disposed of that claim “with prejudice.”
Recognizing that the parties proceeded as they did in the trial court in an attempt to streamline the issue for the court and to avoid unnecessary expense of litigation, we are reluctant to penalize them for their professionalism. There is no question that the attorney for the proposed defendants did not prepare this order to trick Ms. Zaffuto’s attorney or to obtain any benefit from a “gotcha.” Accordingly, we quash the order that is pending in this original proceeding. However, if the parties can jointly stipulate to any necessary facts and obtain an order deeming the complaint filed, answered, and dismissed on the ground of statute of limitations, we would welcome a timely motion for rehearing that asks this court to accept the new order as the order on appeal and to return this proceeding to its original status as a direct appeal. We remind the attorneys and the trial court that an original proceeding in this court does not divest the trial court of jurisdiction, and we expressly authorize it to enter any appropriate order during our period of rehearing.
CASANUEVA and BLACK, JJ., . Concur.

. Ms. Zaffuto subsequently settled claims with all remaining defendants except St. Joseph's.