SHEPHERD, C.J.
James R. Stein and “potential plaintiff, Carol A. Stein” seek to appeal an order denying James R. Stein’s motion to add his wife as a consortium plaintiff in a personal injury action. We dismiss the appeal by James R. Stein as taken from a non-final non-appealable order. Traveler v. Steiner Transocean Ltd., 895 So.2d 1191, 1192 (Fla. 3d DCA 2005) (“[a]n appeal after judgment is an adequate remedy for an ordinary reversible error for which no appeal is provided under Rule 9.130 of the Florida Rules of Appellate Procedure.”) (citing Hawaiian Inn of Daytona Beach Inc. v. Snead Constr. Corp., 393 So.2d 1201, 1202 (Fla. 5th DCA 1981)); see also Chace v. Martin Mem’l Med. Ctr., Inc., 125 So.3d 817 (Fla. 4th DCA 2013). Nor does the order sought to be reviewed rise to the level of irreparable harm to him, which might invoke our extraordinary jurisdiction. See Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla.1998) (holding that a party must establish that it has suffered irreparable harm that cannot be remedied on direct appeal in order to invoke a district court’s certiorari jurisdiction).
Stein alternately argues that the order is appealable because “its effect is to. dismiss the proposed amendment with prejudice as to his wife.” Stein is incorrect. Stein’s wife is a non-party to the underlying action. She lacks standing to appeal. See Fla. R.App. P. 9.020(g)(1) (defining appellant as “[a] party who seeks to invoke the appeal jurisdiction of a court” (emphasis added)); Zaffuto v. St. Joseph’s Hosp., 123 So.3d 1199, 1200 (Fla. 2d DCA 2012) (holding that “[t]he fact that a proposal to amend a complaint, if granted and served upon a person, creates an ‘interest adverse to the plaintiff does not make the person a party prior to the amendment .... Likewise, a ‘potential defendant’ does not become a ‘potential appellee’ when a notice of appeal is filed, much less an actual appel-lee.” (citation omitted)); see also Portfolio Invs. Corp. v. Deutsche Bank Nat’l. Trust Co., 81 So.3d 534, 536 (Fla. 3d DCA 2012) (holding that a non-party in the proceedings below is generally a “stranger to the record” and lacks standing to appeal a trial court order) (citing Barnett v. Barnett, 705 So.2d 63, 64 (Fla. 4th DCA 1997)).
Appeal dismissed.