DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARBARA TURKELL-WHITE** and **PAT W. WHITE,**
Appellants,

v.

**WELLS FARGO BANK N.A.,**
Appellee.

No. 4D18-1402

[June 5, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 50-2017-CA-003469-XXXX-MB.

Kendrick Almaguer and Lanzce A. Francis of The Ticktin Law Group, Deerfield Beach, for appellants.

Mary J. Walter of Liebler, Gonzalez & Portuondo, Miami, for appellee.

CONNER, J.

Pat W. White ("White") and Barbara Turkell-White ("Turkell-White") appeal the final judgment of foreclosure entered in favor of Wells Fargo Bank, N.A. ("the Bank") after a nonjury trial. The appellants assert two reasons the final judgment should be reversed: (1) the Bank lacked standing at the time suit was filed; and (2) the Bank failed to join an indispensable party.

Because Turkell-White died before suit was filed and neither she nor her estate was a party to the suit below, we dismiss the appeal as to her. We affirm without discussion the trial court's determination that the Bank had standing to foreclose. We also affirm the trial court's final judgment, despite the assertion of failure to join an indispensable party, and explain our reasoning.

*Background*

In 2017, the Bank filed a mortgage foreclosure complaint seeking to foreclose on a note and mortgage executed solely by Barbara A. Turkell-

White in 2007.  The complaint further alleged that White and two others (determined later to be Turkell-White's two daughters) were "the current owner(s) of the real property which is the subject of the Mortgage."  The Bank alleged that Turkell-White passed away on April 4, 2015.  The copy of the note attached to the complaint stated the original lender was Wachovia Mortgage Corporation and contained a blank indorsement signed by the original lender.  Also attached to the complaint was a copy of the mortgage, identifying Turkell-White, "[a] married woman," as the only borrower.

White and the two daughters filed an answer and affirmative defenses.  The answer admitted the allegation that White and the two daughters were "the current owner(s) of the real property which is the subject of the Mortgage."  They asserted affirmative defenses of: (1) unclean hands; (2) lack of standing; and (3) failure to satisfy conditions precedent.

Prior to trial, the Bank filed a motion in limine seeking to limit White's ability to raise affirmative defenses, since White did not sign the note or mortgage, and had not assumed the liability for either.  Therefore, the Bank sought to limit White to defenses associated with the right of redemption.  The trial court granted the Bank's motion in limine in part, limiting White to the defenses of unclean hands, standing, and the right of redemption.

At the nonjury trial, the Bank presented evidence that the note and mortgage were in default, and established standing at the time suit was filed and at the time of trial, compliance with notice of default, opportunity to cure, acceleration, and the balances due after default.

In defense, White testified that prior to Turkell-White's death, the property was transferred to a trust, but he could not recall the name of the trust.  He testified the beneficiaries of the trust were himself and Turkell-White's two daughters.  At the conclusion of questions by the attorneys, the trial court questioned him further regarding the alleged trust, specifically asking if White had any paperwork verifying the existence of the trust or naming the trustee.  White responded by stating, "It's a Letter of Trust," and that he was the trustee and upon his death, the property passes to the daughters.  White further volunteered: "There were several properties that were put in."

During his motion for involuntary dismissal, White argued that the Bank failed to prove standing and join an indispensable party – the trust.  The trial court entered a final judgment of foreclosure in favor of the Bank.  White and Turkell-White gave notice of appeal.

2

*Appellate Analysis*

We agree with the Bank's arguments that the appeal as to Turkell-White should be dismissed. The record below and on appeal clearly showed that neither Barbara A. Turkell-White nor her estate were named parties in the suit below. The complaint described her as the original maker of the note and mortgagor, but clearly alleged she died prior to suit being filed.

"Generally, a non-party in the lower tribunal is a 'stranger to the record' and, therefore, lacks standing to appeal an order entered by the lower tribunal." *Portfolio Invs. Corp. v. Deutsche Bank Nat'l Tr. Co.*, 81 So. 3d 534, 536 (Fla. 3d DCA 2012); *see also* Fla. R. App. P. 9.020(g)(1) (defining "[a]ppellant" as "[a] *party* who seeks to invoke the appeal jurisdiction of a court" (emphasis added)). The instant case is also not a "unique circumstance" where Turkell-White or her estate was not named a party, and did not seek intervention, but was still not a stranger to the record. *See Portfolio*, 81 So. 3d at 536 (finding a unique circumstance where the appellant was not a party and did not seek to intervene or substitute itself, but it had participated, the appellee understood the appellant "had stepped into" the shoes of a party, and appellee did not object to the appellant's participation in the litigation). Therefore, Turkell-White does not have standing to appeal in this case, and as to her, the appeal is dismissed. *See W.K. v. Dep't of Children & Families*, 230 So. 3d 905, 906 (Fla. 4th DCA 2017) ("We dismiss the foster parents' appeal because they do not have standing to appeal.").

White argued for the first time at trial that the "uncontroverted evidence" presented proved that the subject property was transferred to a trust and, therefore, the Bank was required to join the trust in the action. White correctly argued that "[a]n owner of property must be joined in a foreclosure proceeding of that property in order to make a decree of foreclosure valid." *3709 N. Flagler Drive Prodigy Land Tr. v. Bank of Am., N.A.*, 226 So. 3d 1040, 1041 (Fla. 4th DCA 2017). White was entitled to make the argument for the first time at trial under Florida Rule of Civil Procedure 1.140(h)(2), which provides that "[t]he defenses of failure to state a cause of action or a legal defense or *to join an indispensable party may be raised* by motion for judgment on the pleadings or *at the trial on the merits*[.]" Fla. R. Civ. P. 1.140(h)(2) (emphases added).

White's argument that he provided "uncontroverted evidence" as to the trust's ownership of the property was properly rejected by the trial court. The only evidence to support the assertion was White's own conclusory testimony, simply stating that the property at issue was placed in a trust.

In fact, he could not name the trust in which the property was allegedly placed, and provided no documentary support for the assertion.

In *City National Bank of Miami v. Simmons*, 351 So. 2d 1109 (Fla. 4th DCA 1977), appellees sued appellant to foreclose a mortgage on property "the legal title to which [wa]s held by appellant as trustee under an unrecorded Land Trust Agreement." *Id.* at 1110. Appellant moved to dismiss, in part, claiming that appellees failed to join an indispensable party – the trust beneficiaries. *Id.* However, this Court held:

> Fla.R.Civ.P. Rule 1.140 provides that failure to join indispensable parties may be raised by motion. Obviously, this contemplates a speaking motion which should *contain the facts demonstrating why the alleged indispensable parties are indispensable.* Appellant's motion to dismiss simply states conclusions. Appellant *did not attach a copy of the Land Trust Agreement* to its motion *to support the allegation* relative to indispensable parties. Therefore, while a motion is the proper vehicle to raise the issue of indispensable parties, appellant's motion was insufficient.

*Id.* (emphases added).

White's argument suffers from the same deficiency here. He did not bring any documentation to support his conclusion that a trust owned the property, and there was nothing but his conclusory testimony to support the assertion. Additionally, this testimony conflicted with his own pleadings. In his answer, White "admitted" the paragraph in the complaint that alleged that he and Turkell-White's two daughters were "the current owner(s) of the real property which is the subject of the Mortgage." The trial court was entitled to weigh the credibility of witnesses and in granting judgment in favor of the Bank, the trial court obviously did not believe, by the greater weight of the evidence, White's testimony as to the ownership by the trust.

We dismiss the appeal as to Turkell-White and affirm the final judgment as to White.

*Dismissed in part; affirmed in part.*

GERBER, C.J., and MAY, J., concur.

\*  \*  \*

*Not final until disposition of timely filed motion for rehearing.*