# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

GREGORY A. DARST, as trustee of the G.A. Darst
Equity Trust dated May 29, 1975,

Appellant,

v.

WEST COAST GROUP ENTERPRISES, LLC,

Appellee.

No. 2D22-2455

_____

February 14, 2024

Appeal from the Circuit Court for Pinellas County; Amy M. Williams, Judge.

Gregory A. Darst, pro se.

Richard T. Avis of Law Offices of Richard T. Avis, St. Petersburg, for Appellee.

LaROSE, Judge.

Gregory A. Darst, as trustee of the G.A. Darst Equity Trust, dated May 29, 1975, pro se, appeals the trial court's final summary judgment entered in favor of West Coast Group Enterprises, LLC.

Initially, Mr. Darst asserts that he is the proper party on appeal, both individually and as trustee. In the trial court, West Coast Group sued Mr. Darst in his trustee capacity. Thus, the proper appellant is Mr. Darst, as trustee of the G.A. Darst Equity Trust. *See Barnett v. Barnett*, 705 So. 2d 63, 64 (Fla. 4th DCA 1997) ("Florida Rule of Appellate

Procedure 9.020(f)(1) defines '[a]ppellant' as a '*party* who seeks to invoke the appeal jurisdiction of a court.' The general rule is that a non-party is a 'stranger to the record' who cannot 'transfer jurisdiction to the appellate court.' " (alteration in original) (quoting *Forcum v. Symmes*, 133 So. 88, 89 (Fla. 1931))); *see, e.g.*, *Turkell-White v. Wells Fargo Bank N.A.*, 273 So. 3d 1021, 1022 (Fla. 4th DCA 2019) (dismissing the appeal as to Turkell-White where "[t]he record below and on appeal clearly showed that neither Barbara A. Turkell-White nor her estate were named parties in the suit below").

However, Mr. Darst appears pro se. A trustee, pro se, may not appear for the trust. Thus, we dismiss this appeal.[1] *See Griner v. Rockridge Prop. Owners Ass'n*, 59 So. 3d 1143, 1143 (Fla. 2d DCA 2011) ("Because a trustee may not appear pro se on behalf of a trust, *see EHQF Tr. v. S & A Capital Partners, Inc.*, 947 So. 2d 606 (Fla. 4th DCA 2007), this appeal is dismissed."); *Lavine v. JPMorgan Chase Bank*, 226 So. 3d 327, 327 (Fla. 5th DCA 2017) (dismissing the appeal as to Lavine, as trustee of the DCM Revocable Trust, because Lavine was not an attorney and could not represent the trust pro se); *EHQF Tr.*, 947 So. 2d at 606

---

[1] Given our disposition, we do not reach the merits of Mr. Darst's appeal. We do note that parties in civil cases are generally not entitled to the appointment of counsel. *See Erlandsson v. Erlandsson*, 296 So. 3d 431, 435 (Fla. 4th DCA 2020) ("In cases applying the due process clause of the Florida Constitution or the federal constitution, courts have found that the appointment of counsel is required only in proceedings where incarceration or involuntary commitment may be imposed or where a parent faces loss of the right to parenthood, such as in termination of parental rights proceedings." (footnote omitted)); *M.E.K. v. R.L.K.*, 921 So. 2d 787, 791 (Fla. 5th DCA 2006) ("Finding a right to counsel in a civil termination of parental rights case does not create a dangerous precedent for finding such a right in other civil cases because other civil cases do not involve the same unique deprivation of a fundamental right by the State.").

("Although Florida has not previously addressed the issue, other states have concluded that a trustee cannot appear pro se on behalf of the trust, because the trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law.").

Dismissed.

SLEET, C.J., and MORRIS, J., Concur.

———————————————

Opinion subject to revision prior to official publication.