[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15884
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-01933-JA-DAB


ABDIEL ECHEVERRIA, et al.

Plaintiffs-Appellants,

versus


BAC HOME LOANS SERVICING, LP, et al.

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 18, 2013)

Before TJOFLAT, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Abdiel Echevarria and Isabel Santamaria, appearing pro se, appeal from an

order of the district court which (1) dismissed their claims against Bank of

America and BAC Home Loans for (a) violations of the RICO statute, 18 U.S.C. §§ 1961 et seq., and (b) intentional infliction of emotional distress; and (2) granted summary judgment on their claims against BOA and BAC for (a) violation of RESPA, 12 U.S.C. §§ 2605 et seq., and (b) fraudulent misrepresentation.  After review of the record and the parties' briefs, we affirm.[1]

## I

We review a district court's Rule 12(b)(6) dismissal de novo.  *See, e.g., Catran v. City of St. Petersburg*, 658 F.3d 1260, 1264 (11th Cir. 2011).  A plaintiff must allege enough in his complaint to render a claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## A

The district court properly dismissed the RICO claim because the plaintiffs did not allege injury to their business or property. *See* 18 U.S.C. § 1964(c) (allowing recovery to "[a]ny person injured in his business or property").  The plaintiffs' allegations that Ms. Santamaria suffered personal injury – i.e., physical symptoms and emotional distress – are legally insufficient. *See Williams v. Mohawk Ind.*, 465 F.3d 1277, 1286-87 (11th Cir. 2006) ("The terms 'business or property' are, of course, words of limitation which preclude [certain forms of] recovery.") (internal quotation marks and citation omitted); *Grogan v. Platt*, 835

---

[1] We assume the parties' familiarity with the facts, and discuss the allegations or evidence only as necessary to explain our decision.

2

F.2d 844, 847 (11th Cir. 1988) ("In our view, the ordinary meaning of the phrase 'injured in his business or property' excludes personal injuries, including pecuniary losses therefrom."). *See also Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (explaining that the phrase "business or property" in the Clayton Act, 15 U.S.C. § 15, "retains restrictive significance" and "would … exclude personal injuries suffered").[2]

## B

As to the claim for infliction of emotional distress, the plaintiffs argue – without any elaboration – that they pled sufficient facts to state a claim. *See* Appellants' Brief at 40. We disagree.

Insofar as the plaintiffs alleged intentional infliction of emotional distress, the district court correctly held that the defendants' alleged conduct (e.g., not providing the plaintiffs with correct information concerning their mortgage loan, refusing to modify that loan, losing papers and documents, and threatening foreclosure) was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Metro Life Ins. Co. v. McCarson*, 487 So.2d 277, 278-79 (Fla. 1985). *Compare Valdes v. GAB Robins North America, Inc.*, 924 So.2d 862, 866 (Fla. Dist. Ct. App. 2006) (defendants' alleged conduct – falsely reporting to the division of insurance that plaintiff had committed fraud,

---

[2] Given our ruling, we need not and do not address whether the district court erred in striking the treatment notes of Ms. Santamaria's psychiatrist.

which led to plaintiff's arrest – "is not the sort of outrageous conduct" which permits a claim for intentional infliction of emotional distress).

With respect to the claim for negligent infliction of emotional distress, the plaintiffs did not allege a physical impact, which is generally required under Florida law, *see R.J. v. Humana of Florida*, 652 So.2d 360, 362 (Fla. 1995), and they did not come within any of the exceptions to the impact rule. *See generally Fla. Dept. of Corrections v. Abril*, 969 So.2d 201, 206-07 (Fla. 2007) (discussing exceptions to the impact rule). The district court therefore properly dismissed this claim as well.

## II

We review a district court's grant of summary judgment de novo. We employ the same Rule 56 standard as the district court, which means that we view the evidence in the light most favorable to the non-moving parties. *See, e.g., Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1304 (11th Cir. 2003).

## A

The plaintiffs argue that the district court failed to notify them of their "duty" to submit affidavits or other evidence in opposition to the defendants' motion for summary judgment. *See* Appellants' Brief at 34-36. We find no reversible error. Although we require district courts to provide pro se litigants notice of their right to file affidavits and other materials in opposition to a motion

4

for summary judgment, *see Griffin v. Wanright*, 772 F.2d 822, 824 (11th Cir. 1985), there is no "duty" imposed on non-moving parties to file anything in response. And though the district court appears not to have provided the Rule 56 notice to the plaintiffs, that error is harmless because the plaintiffs filed a response in opposition and submitted evidence supporting their position that summary judgment was inappropriate. *See M.B. # 11072-054 v. Reish*, 119 F.3d 230, 232 (2nd Cir. 1997) (failure to provide pro se litigant with Rule 56 notice is not reversible error when the litigant "responds to the summary judgment motion with factual and legal submissions indicating that he understood the nature and consequences of summary judgment and 'the need to set forth all available evidence demonstrating a genuine dispute over material facts'"). We note, as well, that in their depositions the plaintiffs confirmed that there were no additional facts, outside of those in their third amended complaint and exhibits, which supported their claims.

**B**

The plaintiffs alleged that BOA and BAC violated 12 U.S.C. § 2605(e) by failing to respond to their "qualified written request," and violated § 2605(c) by failing to send them, within the statutory time period, notice that their loan had been transferred from BOA to BAC. The district court granted summary judgment in favor of the defendants on both RESPA claims, and we conclude that it did not err in doing so.

5

On the § 2605(e) claim, the district court explained that BAC sent two letters in response to the plaintiffs' qualified written request, which was mailed on April 30, 2010. *See* § 2605(e)(1)(A) (acknowledgment must be provided within 20 days). The district court also noted that the plaintiffs did not dispute that these two letters constituted an adequate response to their request. On appeal, the plaintiffs argue that the defendants' May 14 response letter did not correct the incorrect information or remedy other problems with their account. *See* § 2605(e)(2) (servicer must make "appropriate corrections" or explain why the account is correct within 60 days). The problem is that the plaintiffs did not make this argument below in their response to the motion for summary judgment. *See* D.E. 61 at 4-5. As a result, we will not consider the argument here. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("an issue not raised in the district court and raised for the first time on appeal will not be considered").

The district court also ruled that the two other letters sent by the plaintiffs on July 10 and August 16, 2010, were not qualified written requests under RESPA. *See* § 2605(e)(1)(B) (defining a qualified written request). The plaintiffs argue that the defendants responded to these letters on November 24, 2010, well beyond RESPA's 60-day period. But they do not explain why their own letters constituted qualified written requests under RESPA, and unless they did, the defendants had

no statutory obligation to respond within 60 days.  We therefore affirm the district court's ruling with respect to these two other letters.

Turning to the § 2605(c) claim, the district court ruled that, even if the defendants failed to provide the plaintiffs with timely notice of the transfer of their loan, there was no RESPA violation allowing actual damages, in part because there was no evidence of a pattern and practice of non-compliance with RESPA on the part of the defendants.  Thus, the plaintiffs could not recover statutory damages under § 2605(f)(1).  The plaintiffs do not explain why this ruling was incorrect, so we deem the § 2605(c) claim abandoned.[3]

## C

The district court granted summary judgment on the fraud claim – which was largely based on allegations that the defendants falsely told the plaintiffs that they would qualify for a loan modification if they defaulted and then told them they had so qualified – because the plaintiffs had not proven actual harm.  As the district court explained, although the plaintiffs kept making mortgage payments for a while and also made some home improvements, they were still living in the

---

[3] The plaintiffs do argue – as they did below – that they made a payment in September of 2009 to their prior mortgage company/servicer because of the defendants' untimely notice of the transfer of the loan.  But they do not claim that this payment was not credited to their account.  So, as the district court explained, the plaintiffs failed to show actual damages from any violation of § 2605(c).

house secured by the mortgage loan.  The plaintiffs do not offer any argument as to why the district court's reasoning was erroneous, so there is no basis for reversal.

## III

The district court's order is affirmed.[4]

**AFFIRMED.**

---

[4] We affirm, without discussion, as to the other arguments made by the plaintiffs on appeal.