[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15375
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00486-CEM-DAB

ABDIEL ECHEVERRIA,
ISABEL SANTAMARIA,

                                                    Plaintiffs-Appellants,

versus

BANK OF AMERICA, N.A.,
URBAN SETTLEMENT SERVICES,
d.b.a. Urban Lending Solutions,
CARLISLE & GALLAGHER CONSULTING GROUP, INC.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 3, 2015)

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Abdiel Echeverria and Isabel Santamaria, proceeding pro se, brought this lawsuit against Bank of America, N.A., Urban Settlement Services, and Carlisle & Gallagher Consulting Group, Inc. (CGCG).  They alleged claims for fraud and breach of contract in relation to the bank's denial of their request to modify the mortgage on their home.  All three defendants filed motions to dismiss based on res judicata and the plaintiffs' failure to state plausible claims for relief.[1]  The plaintiffs filed two motions to amend their complaint.  The district court granted the defendants' motions, denied the plaintiffs' motions to amend as moot, and dismissed the plaintiffs' claims with prejudice.  This is the plaintiffs' appeal.[2]

I.

The plaintiffs purchased their home in 2008 with a mortgage.  In late 2009, they discovered that a former subsidiary of the bank had purchased that mortgage from the original lender.  The plaintiffs requested a mortgage modification, which the bank's subsidiary denied. (That subsidiary has since merged with the bank and ceased to exist as an independent entity.)

---

[1] A "party may raise a res judicata defense by motion rather than by answer where the defense's existence can be judged on the face of the complaint." Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982).

[2] The plaintiffs raise thirteen issues on appeal, but those issues can be condensed into two. They are challenging the district court's dismissal of their claims on res judicata grounds and the denial of their motions to amend their complaint.

The plaintiffs then brought the first of three lawsuits against the bank for claims related to that denial of their request for mortgage modification.  In that first lawsuit, they alleged two claims based on federal statutes and two state law tort claims.  Echeverria v. BAC Home Loans Servicing, LP (Echeverria I), 900 F. Supp. 2d 1299, 1303 (M.D. Fla. Oct. 22, 2012).  All of the plaintiffs' claims arose out of the bank's conduct in denying their request for mortgage modification.  Id. at 1303–08.  The district court dismissed two of the claims with prejudice for failure to state a claim and granted summary judgment to the bank on the other two.  Id. at 1309.  We affirmed.  Echeverria v. BAC Homes Loans Servicing, LP, 523 F. App'x 675 (11th Cir. 2013) (unpublished).

In the plaintiffs' second lawsuit against the bank, their allegations were "virtually identical in substance" to their allegations in their first lawsuit even though they put different labels on the claims.  Echeverria v. Bank of Am., N.A. (Echeverria II), No. 6:12-cv-1360, 2012 WL 5417286, at *1 (M.D. Fla. Nov. 6, 2012).  The district court ruled that the plaintiffs' claims were barred and dismissed the second lawsuit with prejudice.  Id.

In this lawsuit, the plaintiffs once again assert claims based on the same conduct — the denial of their request for mortgage modification.  This time, however, they have sued not only the bank but also two new defendants, Urban and CGCG.  Those new defendants helped the bank handle the plaintiffs' request

for mortgage modification. The district court dismissed the plaintiffs' claims with prejudice based on res judicata and denied their motions to amend their complaint as moot.

## II.

We review the district court's dismissal of the plaintiffs' claims de novo and apply federal preclusion principles. Tampa Bay Water v. HDR Eng'g, Inc., 731 F.3d 1171, 1179 (11th Cir. 2013); Jang v. United Techs. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000).

Res judicata bars the plaintiffs' claims in this lawsuit if the judgments in the first two lawsuits: (1) were "rendered by . . . court[s] of competent jurisdiction"; (2) were "final and on the merits"; (3) involved "the same parties or those in privity with them"; and (4) involved "the same causes of action." Borrero v. United Healthcare of N.Y., Inc., 610 F.3d 1296, 1306 (11th Cir. 2010). There is no dispute that the first and second requirements are met.

Regarding the third, the complaint alleges that Urban and CGCG acted as the bank's agents during the alleged mishandling of the plaintiffs' request for mortgage modification. A principal–agent relationship is one kind of "substantive legal relationship" that establishes privity for claim preclusion purposes. Taylor v. Sturgell, 553 U.S. 880, 894 & n.8, 128 S. Ct. 2161, 2172 & n.8 (2008); see Griswold v. Cty. of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010); Citibank,

N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1502–03 (11th Cir. 1990). Urban and CGCG, as the bank's agents, were in privity with the bank.

Regarding the fourth requirement for res judicata, the plaintiffs have brought the "same cause of action" in this lawsuit as in the first two lawsuits — their current lawsuit arose from the "same nucleus of operative fact" as the first two. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1270 (11th Cir. 2002). Just as they did in those two earlier lawsuits, the plaintiffs have brought claims based on the alleged mishandling of their request for mortgage modification. That alleged mishandling "constitute[s] the factual predicate, and any claims relating to [it] should [have been] brought in the same lawsuit." Id. Because all four requirements for res judicata are met, that doctrine bars the plaintiffs' claims against Urban and CGCG, the bank's agents, as well as the bank.

Attempting to dodge that bar, the plaintiffs assert that they only recently discovered Urban and CGCG's role in the denial of their request for mortgage modification. That may be true, but the facts of Urban and CGCG's involvement already existed when the plaintiffs brought their first lawsuit, and res judicata applies to all claims based on facts that were in existence at the time the original lawsuit was filed. See Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1357 (11th Cir. 1998).[3]

---

[3] The plaintiffs also argue that the district court should have considered certain exhibits and

III.

The plaintiffs also challenge the district court's denial of their motions to amend their complaint as moot.  We review the denial of a motion to amend a complaint only for an abuse of discretion but "[t]he underlying legal conclusion of whether a particular amendment to the complaint would have been futile is reviewed de novo."  Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005).  "If a complaint as amended is still subject to dismissal," then it is futile and "leave to amend need not be given."  Halliburton & Assocs., Inc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985).

The plaintiffs moved to file two proposed amended complaints.  They assert that those proposed amended complaints are not barred by res judicata because they contain new facts and new causes of action.

A.

The first proposed amended complaint contains eleven claims.  Six of those arose from the defendants' alleged mishandling of the plaintiffs' mortgage

---

judicial notices before dismissing their case.  Even if that is true, those documents would not have changed the fact that this lawsuit arises from the same facts as Echeverria I and is barred by res judicata.  The plaintiffs' argument that the district court erred in granting the motions to dismiss before permitting discovery also fails.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.").

modification request. Those claims are futile because they are barred by res judicata, for the reasons we have already discussed.

The five remaining claims in the first proposed amended complaint are also futile because they do not satisfy the plausibility threshold required to survive a motion to dismiss. Simpson v. Sanderson Farms, Inc., 774 F.3d 702, 708 (11th Cir. 2014) (stating that a pleading that fails to state a plausible claim for relief cannot survive a motion to dismiss). Four of those five claims apparently are an attempt to allege violations of the Fair Debt Collection Practices Act based on a letter that the plaintiffs received in September 2013 from a company allegedly working to collect a debt on behalf of the bank. Those claims cannot survive a motion to dismiss for two reasons. First, they are partly based on "formulaic recitation[s] of the elements" and "mere conclusory statements" that do not satisfy the plausibility standard required for pleadings. Id. (quotation marks omitted). Second, the facts alleged in them do not allow "the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quotation marks omitted). For example, the plaintiffs allege that they asked the company to verify the amount of their debt, and that the company forwarded that request to the bank. The Act, however, permitted the company to do that. See 15 U.S.C. § 1692g(b).

The fifth of these five claims, and the last remaining one in the first proposed amended complaint, is titled "extrinsic fraud." It alleges that the bank

7

concealed "material facts, necessary defendants, and other pertinent matters" that could have changed the outcomes of Echeverria I and Echeverria II. The plaintiffs assert that they can re-open the judgments in those decisions under Florida Rule of Civil Procedure 1.540(b), but that rule does not apply here. See Horowitch v. Diamond Aircraft Indust., Inc., 645 F.3d 1254, 1257 (11th Cir. 2011) (noting that federal courts sitting in diversity apply federal procedural law). The federal analogue to the Florida rule is Federal Rule of Civil Procedure 60(b)(3), so we will interpret the claim as an attempt to re-open the earlier judgements under Rule 60(b)(3).

In order to obtain relief under Rule 60(b)(3), the moving party "must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud" and that "the conduct prevented [the moving party] from fully presenting [its] case." Waddell v. Hendry Cty. Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003). The plaintiffs do not allege with specificity any material facts that the bank had an obligation to disclose its relationship with Urban and CGCG. See Booker v. Dugger, 825 F.2d 281, 283–84 (11th Cir. 1987) ("Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud . . . .") (quotation marks omitted).

8

The district court also noted that the plaintiffs could have discovered the bank's relationship with the other parties during the previous litigation.  If the plaintiffs were unable to fully present their case in the earlier lawsuits, it was a result of their failure to engage in the necessary discovery, not any alleged fraud committed by the bank.  See id. at 284 (stating that parties seeking relief from a judgment on grounds of fraud must show that their own "negligence or oversight, however innocent" did not contribute to that judgment) (quotation marks omitted).

## B.

The plaintiffs' second proposed amended complaint contains thirteen claims. Eleven of those claims essentially repeat and repackage the same claims that are in the first proposed amended complaint.  Those eleven claims are futile for the reasons discussed in Part III.A.  The "new facts" that the plaintiffs allege do not change that outcome.[4]  And because the two additional claims in the second proposed amended complaint arose out of the bank's alleged mishandling of the plaintiffs' request for mortgage modification, those additional claims are futile because of res judicata.

**AFFIRMED.**

---

[4] For example, the plaintiffs include as an exhibit the letter that is the basis for their Fair Debt Collection Practices Act claims.  However, that letter complies with the provisions of the statutes that the plaintiffs contend were violated.  For example, it contains the information required by 15 U.S.C. § 1692g(a) (such as the amount of the debt and the name of the creditor to whom it is owed).

9