BARKETT, Judge.
This appeal results from the dismissal with prejudice of two counts of a complaint; count I entitled “intentional inflic *527 tion of emotional distress,” and count IV entitled “tort of outrage.”
The parties agree that the separate counts should constitute but one cause of action, outrageous conduct causing severe emotional distress, and therefore one count should be dismissed. The parties further agree that the trial court erred in dismissing these counts with prejudice thereby failing to give the appellant the right to amend. Appellant, however, contends that the allegations in either count I or count IV sufficiently state a cause of action.
This court has recognized that a cause of action can exist for outrageous conduct causing severe emotional distress arising from an insurer’s failure to pay benefits. Metropolitan Life Insurance Company v. McCarson, 429 So.2d 1287 (Fla. 4th DCA 1983). See also Dominguez v. Equitable Life Assurance Society of the United States, 438 So.2d 58 (Fla. 3d DCA 1983). It is clear that the appellant can amend to properly state such a cause of action in this case in light of the allegations of both count I and count IV as well as the remaining counts and the documents attached to the complaint.
Accordingly, the appellant should be given the opportunity to combine and clarify the allegations of the complaint as they relate to this cause of action by way of amendment. We therefore reverse and remand with directions to the trial court to proceed in accordance with this opinion.
REVERSED AND REMANDED.
ANSTEAD, C.J., and GLICKSTEIN, J„ concur.