PER CURIAM.
We are of the opinion that the allegations of the count in plaintiffs complaint for intentional infliction of emotional distress were sufficient to state a cause of action. Accordingly, we reverse the order which dismissed this count with prejudice and the final judgment entered thereon. See Estate of Morton v. United States Fidelity & Guaranty Company, 460 So.2d 526 (Fla. 4th DCA 1984); Dominguez v. Equitable Life Assurance Society of the United States, 438 So.2d 58 (Fla. 3d DCA 1983), approved 467 So.2d 281 (Fla.1985); Dependable Life Insurance Company v. Harris, 510 So.2d 985 (Fla. 5th DCA 1987).
Secondly, we are of the opinion that there were genuine issues of material fact which precluded entry of summary final judgment as concerns the count for slander found in the plaintiffs complaint. Among others, there was an issue as to whether the alleged slanderous statements were actually made and an issue as to whether the statements were made by an independent contractor not in the course and scope of his employment. Singer v. Star, 510 So.2d 637 (Fla. 4th DCA 1987); Blanco v. Allen, 509 So.2d 1356, 1357 (Fla. 4th DCA 1987). Thus, we reverse this final summary judgment.
REVERSED AND REMANDED.
HERSEY, C.J., and DELL and WALDEN, JJ., concur.