924 So.2d 862 (2006)
Jose VALDES and Juana Valdes, his wife, Appellants,
v.
GAB ROBINS NORTH AMERICA, INC., Southern Underwriters, Inc., Capital Assurance Services, Inc., Capital Assurance Company, Inc., and Reggie Phillips, Appellees.
No. 3D04-208.
District Court of Appeal of Florida, Third District.
February 22, 2006.
Rehearing Denied April 18, 2006.
*864 Rebecca Watford; Lipcon, Margulies & Alsina, Miami, for appellant.
Parenti, Falk, Waas, Hernandez & Cortina, Coral Gables, and Paul H. Field, Miami; Cooney, Mattson, Lance, Blackburn, Richards & O'Connor and Warren B. Kwavnick, Ft. Lauderdale, for appellees.
Before FLETCHER, WELLS, and SHEPHERD, JJ.
WELLS, Judge.
Jose Valdes and Juana Valdes appeal an order dismissing with prejudice their Corrected Amended Complaint against the appellees, Mr. Valdes' workers' compensation carriers and adjusters. We affirm.
On January 15, 1985, Jose Valdes sustained an on-the-job injury while working for a construction company and was declared permanently disabled. From 1994 through 1999, Valdes received total disability benefits from his employer's workers' compensation insurance.
Sometime in 1999, appellees had Valdes videotaped while he was engaged in a number of physical activities. Valdes subsequently was queried during a deposition about the activities captured on videotape and then was reported to the State of Florida Division of Insurance Fraud for engaging in insurance fraud.
On December 9, 1999, Valdes was arrested by the State and charged with *865 "Workers' Compensation/Misrepresentation by False or Misleading Statement," a second degree felony. His workers' compensation benefits were terminated the following day. The criminal charges against Valdes ultimately were dropped, and Valdes was paid the workers' compensation benefits owed from the time they were terminated.
In November of 2002, Valdes and his wife filed suit against Capital Assurance Company, Inc. (also known as Capital Assurance Services, Inc.) and its predecessor, Southern Underwriters, Inc. (collectively Capital), the insurer responsible for paying Valdes' workers' compensation benefits. He also sued Capital's claims handler/adjustor, GAB Robins North America, Inc., and its employee, Reggie Phillips. The complaint, without distinguishing between individual defendants, attempted to allege causes of action sounding in civil conspiracy, false imprisonment, malicious prosecution, abuse of legal process, outrageous conduct, intentional infliction of emotional distress and loss of consortium.
Capital moved to dismiss, claiming immunity under sections 440.105, 440.1051 and 626.989 of the Florida Statutes and claiming that the complaint failed to state a cause of action under any of the seven theories asserted. The trial court agreed with the defendants for both reasons and dismissed all seven claims. GAB Robins, which had previously answered the Corrected Amended Complaint, moved for judgment on the pleadings based on dismissal of the complaint as to the other defendants. After Valdes declined to amend, the action was dismissed with prejudice as to all defendants.
Looking, as we must, solely to the allegations of the complaint, we affirm dismissal of all counts because the complaint fails to allege the essential elements of each of these causes of action. See Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 206 (Fla. 3d DCA 2003)("Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal by the de novo standard of review. When determining the merits of a motion to dismiss, the trial court's consideration is limited to the four corners of the complaint, the allegations of which must be accepted as true and considered in the light most favorable to the nonmoving party.").
The civil conspiracy count fails to state a cause of action because it improperly attempts to allege a conspiracy between a corporation and its predecessor, see St. Petersburg Yacht Charters, Inc. v. Morgan Yacht, Inc., 457 So.2d 1028, 1041 n. 4 (Fla. 2d DCA 1984)(noting that "[a] corporation cannot conspire with itself"), and because it attempts to allege a conspiracy between the corporation and its agents and employees, without further alleging that the agents and employees had a personal stake separate and distinct from that of the corporation. See Lipsig v. Ramlawi, 760 So.2d 170, 180-81 (Fla. 3d DCA 2000)(finding that "neither an agent nor an employee can conspire with his or her corporate principal or employer" unless they have "a personal stake in the activities that are separate and distinct from the corporations' interest")(quoting Cedar Hills Properties Corp. v. Eastern Fed. Corp., 575 So.2d 673, 676 (Fla. 1st DCA 1991)).
The outrageous conduct and intentional infliction of emotional distress counts, which we treat as the same claim, similarly fail to state a cause of action. See Baker v. Florida Nat'l Bank, 559 So.2d 284, 287 (Fla. 4th DCA 1990)(recognizing that the "tort of outrageous conduct" and the tort of intentional infliction of emotional distress are the same claim); Estate of Morton v. U.S. Fid. & Guar. Co., 460 So.2d 526, 527 (Fla. 4th DCA *866 1984)(noting that a claim for intentional infliction of emotional distress and for the "tort of outrage ... should constitute but one cause of action"). While the anxiety and stress of being charged by the Division of Insurance Fraud with making false statements and being arrested by the State in connection with those charges is understandable, the appellees' behavior in investigating Valdes and then allegedly falsely reporting to the Division of Insurance that Valdes had committed fraud is not the type of conduct that is so outrageous in character and extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized society. See, e.g., LeGrande v. Emmanuel, 889 So.2d 991, 994 (Fla. 3d DCA 2004)(confirming that a cause of action for intentional infliction of emotional distress requires allegations of outrageous conduct that goes so far beyond all bounds of decency as to be regarded as odious and utterly intolerable in a civilized community); State Farm Mut. Auto. Ins. Co. v. Novotny, 657 So.2d 1210, 1212-1213 (Fla. 5th DCA 1995)("To be sufficient, the recitation of facts must arouse resentment in an average member of the community, and cause him to exclaim `outrageous.' It is not enough that the intent is tortious or criminal; it is not enough that the defendant intended to inflict emotional distress; and it is not enough if the conduct was characterized by malice or aggravation which would entitle the plaintiff to punitive damages for another tort.") (citations omitted).
Valdes' malicious prosecution and abuse of process claims are also fatally infirm. The malicious prosecution claim fails to allege the "bona fide" termination of a prior proceeding in Valdes' favor.[1] Alleging only that a prior action ended favorably, is not enough:
It is axiomatic that a plaintiff in a malicious prosecution case must, as an essential element of that cause of action, establish that the prior litigation giving rise to the malicious prosecution suit ended with a "bona fide termination" in that party's favor. This is a fancy phrase which means that the first suit, on which the malicious prosecution suit is based, ended in a manner indicating the original defendant's (and current plaintiff's) innocence of the charges or allegations contained in the first suit, so that a court handling the malicious prosecution suit, can conclude with confidence, that the termination of the first suit was not only favorable to the defendant in that suit, but also that it demonstrated the first suit's lack of merit. Therefore, suits that terminate because of technical or procedural reasons or considerations other than the merits of the first suit, are not "bona fide terminations" and will not support a malicious prosecution suit.
Because lawsuits that end as the result of settlements or joint stipulations generally do not clearly demonstrate the lack of merit of the first suit, they are usually found insufficient to constitute *867 "bona fide terminations" of the prior litigation. However, Florida courts take the view that bargaining or negotiating for the termination of litigation does not always negate the bona fide nature of the termination. Whether a withdrawal or abandonment of a lawsuit constitutes a bona fide termination in favor of a person against whom the suit was brought, depends on the total circumstances surrounding the withdrawal or abandonment. It is favorable if the dismissal indicates the lack of merit of the case against the defendant in a civil case.
Doss v. Bank Of America, N.A., 857 So.2d 991, 994-95 (Fla. 5th DCA 2003) (citations omitted)(footnote omitted).
Valdes' failure to allege any improper willful acts by the appellees during the course of the prior action requires dismissal of the abuse of process claim as well.[2]Peckins v. Kaye, 443 So.2d 1025, 1026 (Fla. 2d DCA 1983)(confirming that ulterior motives alone are insufficient to support an abuse of process claim and that "[t]here must be an improper willful act during the course of the proceedings to constitute an abuse of process").
The false imprisonment count also was properly dismissed because it failed to allege any ultimate facts to support the conclusory allegation that appellees either directly or indirectly procured Valdes' arrest or detention. Valdes solely alleged that appellees falsely reported to the Division of Insurance Fraud that they had proof that he had committed insurance fraud. This is insufficient:
[I]t is not enough ... that the actor has given information to the police about the commission of a crime, or has accused the other of committing it, so long as he leaves to the police the decision as to what shall be done about any arrest, without persuading or influencing them.
Pokorny v. First Fed. Sav. & Loan Ass'n of Largo, 382 So.2d 678, 682 (Fla.1980)(quoting Restatement (Second) of Torts, § 45A cmt. c (1965)).
Because we agree that the complaint was properly dismissed for failure to state a cause of action, we do not address the remainder of the issues raised and affirm.[3]
The dismissal order is, therefore, affirmed.
NOTES
[1] The elements of a malicious prosecution claim are:

(1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.
Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1355 (Fla.1994).
[2] A cause of action for abuse of process requires: (1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damage to the plaintiff as a result of the defendant's action. Hardick v. Homol, 795 So.2d 1107, 1111 n. 2 (Fla. 5th DCA 2001).
[3] The consortium claim, of course, also fails. See ACandS, Inc. v. Redd, 703 So.2d 492, 493-94 (Fla. 3d DCA 1997) (holding that loss of consortium is a derivative claim that is dependent on the spouse's ability to recover in a cause of action against the same defendant).