980 So.2d 1153 (2008)
Bradley COHEN and Gail Cohen, Appellants,
v.
Marcus W. CORWIN, Appellee.
No. 4D07-1822.
District Court of Appeal of Florida, Fourth District.
April 2, 2008.
Warren B. Kwavnick and John H. Richards of Conney, Mattson, Lance, Blackburn, *1155 Richards & O'Connor, P.A., Fort Lauderdale, for appellants.
John D. Boykin of Casey Ciklin Lubitz Martens & O'Connell, West Palm Beach, for appellee.
STEVENSON, J.
This appeal stems from the trial court's entry of a final judgment in favor of the defendant, Marcus W. Corwin, in a malicious prosecution claim. The judgment resulted after the court determined, on a motion to dismiss for failure to state a cause of action, that the malicious prosecution plaintiffs, Bradley and Gail Cohen, could not prevail because the prior claims brought against them had been voluntarily dismissed without prejudice and thus the Cohens could not establish a necessary element of a malicious prosecution claima bona fide termination of the prior litigation in their favor. We do not believe this issue was properly resolved on a motion to dismiss and thus reverse.
Marcus W. Corwin and the Cohens live on the same street in a residential community. In December of 2005, Corwin sued the Cohens. The Amended Complaint alleged the Cohens were violating the community's governing covenants as they were leaving their garbage cans in plain view and parking on the cul-de-sac, seeking to enjoin such actions (count I) and stated claims for invasion of privacy (count II) and defamation (count III), alleging that the Cohens had told "others" Corwin was "an unsavory character," "had attacked and threatened other homeowners with physical violence," and was "involved in unethical and criminal activities" and had asked "others" to boycott a charity event chaired by Corwin. Corwin voluntarily dismissed count I in April 2006, and counts II and III in October 2006. Subsequently, the Cohens sued Corwin, alleging the filing of the invasion of privacy and defamation claims amounted to malicious prosecution.
To state a cause of action for malicious prosecution, a plaintiff must allege the following elements:
(1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.
Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1355 (Fla.1994) (citing Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla.1986), and Adams v. Whitfield, 290 So.2d 49 (Fla.1974)). It is the third element"the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff"that is at issue in this appeal.
A "bona fide termination" of the proceedings has been described as
a fancy phrase which means that the first suit, on which the malicious prosecution suit is based, ended in a manner indicating the original defendant's (and current plaintiff's) innocence of the charges or allegations contained in the first suit, so that a court handling the malicious prosecution suit, can conclude with confidence, that the termination of the first suit was not only favorable to the defendant in that suit, but also that it demonstrated the first suit's lack of merit.
*1156 Doss v. Bank of Am., N.A., 857 So.2d 991, 994 (Fla. 5th DCA 2003). Whether a voluntary dismissal qualifies as a "bona fide termination" of the proceedings in the defendant's favor depends upon the reasons and circumstances underlying the dismissal. See Union Oil of Cal. Amsco Div. v. Watson, 468 So.2d 349, 353-55 (Fla. 3d DCA 1985).
Generally, whether a withdrawal or abandonment of the proceedings constitutes a favorable termination depends upon the circumstances under which the withdrawal occurs. Where dismissal is on technical grounds, for procedural reasons, or any other reason not inconsistent with the guilt of the accused, it does not constitute a favorable termination. The converse of that rule is that a favorable termination exists where a dismissal is of such a nature as to indicate the innocence of the accused. . . . In order to determine whether the termination of an action prior to a determination on the merits tends to indicate innocence on the part of the defendant one must look to whether the manner of termination reflects on the merits of the case.
Id. at 353-54 (footnotes and citations omitted). Sometimes a voluntary dismissal is reflective of the merits, such as where the allegations in the underlying complaint are demonstrated to be false and there is evidence the plaintiff knew they were false, and other times, such as where there is a dismissal as a consequence of a stipulation or settlement or because of a statute of limitations defense, it is not. Id. at 354. Where "the nature of the dismissal in the first case was technical, we are required to examine the record of that prior proceeding to determine whether the disposition was on grounds which were not inconsistent with the defendant's wrongdoing." Id. at 355.
This case was before the trial court on a motion to dismiss. Thus, in ruling on the motion, the trial court was obligated to accept that the facts alleged in the complaint were true and it could not look beyond the four corners of the complaint. See, e.g., Garnac Grain Co. v. Mejia, 962 So.2d 408, 410 (Fla. 4th DCA 2007). The Cohen's complaint alleged Corwin took a voluntary dismissal of the invasion of privacy and defamation claims "because there was not a factual basis to support the same" and because he "did not have probable cause or an evidentiary basis to support the allegations." If indeed this is true, and for instant purposes we must accept that it is, then there was a bona fide termination of the underlying claims in favor of the Cohens. See Union Oil, 468 So.2d at 354 (stating that "where a dismissal is taken because of insufficiency of the evidence, the requirement of a favorable termination is met"). And, while Corwin asserted in his motion to dismiss that the voluntary dismissal was precipitated by political and economic reasons and not because they lacked a factual or evidentiary basis, such assertions could not be considered in ruling on the motion to dismiss. The trial court thus erred in dismissing the Cohens' complaint on the grounds that they had failed to state a cause of action. We reverse the order appealed and remand for further proceedings.
Reversed and Remanded.
FARMER and TAYLOR, JJ., concur.