CIKLIN, J.
Kenneth and Diane Price (“the Prices”) appeal an order granting summary judgment in favor of Southern State Masonry, Inc. (“Southern”) and an order denying the Prices’ motion to amend their complaint. We reverse both orders.
Kenneth Price was injured in a construction accident. There were disputed issues of fact regarding the actual employer of the worker who allegedly injured Price, the causation of the accident, and its foreseeability. We find that the existence of these genuine issues of material fact precluded summary judgment. Southern claims that it owed Price no duty. Southern’s argument relies on the assumption that the accident was unforeseeable as a matter of law, and we respectfully disagree.
We also reverse the order denying the Prices’ motion to amend their complaint to include a claim that Southern breached a non-delegable duty in failing to safely supervise Southern’s subcontractor, Tight Line Masonry, Inc. (“Tight Line”). The lower court denied the motion on the grounds that an amendment would be futile.
“Refusal to allow an amendment is an abuse of the trial court’s discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.” Vaughn v. Boerckel, 20 So.3d 443, 445 (Fla. 4th DCA 2009) (internal citation and quotation marks omitted). “A proposed amendment is futile if it is insufficiently pled, or is insufficient as a matter of law.” Quality Roof Servs., Inc. v. Intervest Nat’l Bank, 21 So.3d 883, 885 (Fla. 4th DCA 2009) (internal citations and quotation marks omitted).
Southern argues that the Prices’ amendment would be futile because the work was not inherently dangerous. We must reject Southern’s argument because the record was insufficiently developed to determine whether, in fact, the construction involved in the instant case constituted an inherently dangerous activity. See Doak v. Green, 677 So.2d 301, 302 & n. 1 (Fla. 1st DCA 1996) (noting that deciding whether an ac *1253 tivity is inherently dangerous is generally a question for the fact-finder unless the record is sufficiently developed on the issue).

Reversed and remanded.

TAYLOR and LEVINE, JJ., concur.