LAWSON, J.,
specially concurring.
I write separately to acknowledge that Justice Canady and those joining his dissent make some valid observations, with which I do not disagree. However, the dissent also appears to agree that there is an express and direct conflict between the Third District’s decision in In re B.R.C.M., 182 So.3d 749 (Fla. 3d DCA 2015), and the First District’s decision in In re Y.V., 160 So.3d 576 (Fla. 1st DCA 2015). The dissent further disagrees with portions of the Third District’s analysis; agrees with portions of the First District’s opinion; and appears to agree with the rule announced by this Court on the conflict issue: namely, that private dependency petitions cannot simply be summarily and categorically denied because they appear to be motivated by a desire to gain immigration relief for the child.
Unlike the dissent, I prefer to reach the conflict issue rather than essentially approve the result reached by the Third District on the alternative ground that the petition could have been dismissed based upon pleading deficiencies. The general rule is that a pleading should not be dismissed without leave to amend unless the privilége to amend “has been abused” or amendment would be “futile,” i.e., where the pleading deficiencies cannot be cured. Price v. Miller & Solomon Gen. Contractors, Inc., 104 So.3d 1251, 1252 (Fla. 4th DCA 2013). Because it is clear that the trial judge here would have dismissed this petition irrespective of any attempt to amend, I believe the conflict issue to be ripe for decision. See, e.g., State v. Walker, 923 So.2d 1262, 1265 (Fla. 1st DCA 2006) (noting that the law does not require futile acts to preserve error for review). I also agree with Justice Lewis that immediate legislative attention and clarification is needed in this area.'Otherwise, the courts of this State will continue to expend valuable resources trying to figure out whether and how to apply our dependency statute to facts that do not appear to have even been contemplated when it was enacted.