IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


EUGENE A. VERDON, JR.,

        Appellant,

v.                                         Case No.  5D16-3577

DANDAN SONG,

        Appellee.

_____/

Opinion filed June 29, 2018

Appeal from the Circuit Court
for Sumter County,
William H. Hallman, III, Judge.

John W. Zielinski, of NeJame Law, P.A.,
Orlando, for Appellant.

Brandon W. Banks, and Brian M. Walsh, of
Walsh Banks, PLLC, Orlando, for Appellee.


PER CURIAM.

Eugene A. Verdon, Jr., appeals from the trial court's order dismissing his two-count

second amended complaint (the "complaint") with prejudice for failure to state a cause of

action against his wife, Dandan Song.[1]  Husband argues that he sufficiently pled a cause

of action for both abuse of process and malicious prosecution.  We agree and reverse.

_____

[1] Our record indicates that the parties' dissolution proceeding remains pending.

Husband's complaint alleged that his wife manufactured evidence and falsely accused him of domestic violence, leading to his arrest and criminal prosecution. Then, days after Husband was formally charged, Wife attempted to use Husband's credit card, but the transaction was declined.

As a result, Wife allegedly left a voicemail in which she attempted to extort Husband. In that voicemail, she said she would not feel guilty about pressing charges because Husband had restricted her use of the credit card, and that Husband should call her before she does something he "could not fix." The complaint goes on to allege that Wife subsequently filed a sworn affidavit in support of the criminal charges that contained numerous false statements and signed a request to prosecute.

Importantly, Husband alleged that the criminal proceeding ended with a bona fide termination in his favor when the State nolle prossed the charges against him because "the likelihood of a conviction at a criminal jury trial was slight." The complaint further alleged that the nolle prosequi "was not based on technical or procedural reasons, nor was it based on considerations other than the merits of the case."

The trial court dismissed Husband's complaint with prejudice, concluding that his allegations on the abuse of process action were conclusory and that he failed to allege an essential element of a malicious prosecution action as he "failed to assert there was a bona fide termination of the legal proceedings in his favor."

### *Standard of Review*

"A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues." *Minor v. Brunetti*, 43 So. 3d 178, 179 (Fla. 3d DCA 2010) (quoting *The Fla. Bar v. Greene*, 926 So. 2d 1195, 1199 (Fla. 2006)).

2

When reviewing an order dismissing a complaint, this court must confine its analysis to the four corners of the complaint, draw all inferences in favor of the pleader, accept all well-pled allegations as true and review the question of law de novo. *Everidge v. Advantage Venture Partners, Ltd.*, 880 So. 2d 691 (Fla. 5th DCA 2004).

### ***The Torts of Abuse of Process and Malicious Prosecution***

Although abuse of process and malicious prosecution are two separate and distinct torts, they "have the common element of an improper purpose in the use of legal process, and there are many cases in which they overlap and either will lie." *Aranson v. Schroeder*, 671 A.2d 1023, 1027 (N.H. 1995) (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* 898 (5th ed. 1984)). However, these torts serve different purposes as "[t]he tort of malicious prosecution is concerned with maliciously causing process to issue, whereas the tort of abuse of process is concerned with the improper use of process after it issues," *Yoder v. Adriatico*, 459 So. 2d 449, 450 (Fla. 5th DCA 1984) (citations omitted), "for some wrongful and unlawful object or collateral purpose." *Gause v. First Bank of Marianna*, 457 So. 2d 582, 584 (Fla. 1st DCA 1984) (citation omitted).

The United States Court of Appeals for the Third Circuit has explained the intersection as follows:

> [I]f the defendant justifies issuance of process by *untruthfully* saying that the plaintiff solicited burglary and *uses the process only to have him jailed*, this is malicious use only [i.e. malicious prosecution]. It is not malicious abuse [i.e. abuse of process] because jailing is the purpose for which criminal process was intended. If the defendant has process issued based on the *truthful* statement that the plaintiff solicited burglary and then uses the threat of prosecution *for purposes of extortion*, this is malicious abuse only. *Finally, if, as is alleged in the present case, the defendant has process served based on false statements and uses threat of prosecution for purposes of extortion, both torts will lie.*

3

*Jennings v. Shuman*, 567 F.2d 1213, 1219 (3d Cir. 1977) (emphases added).

## *Husband's Abuse of Process Cause of Action*

Wife argues that Husband's allegation of extortion "rings hollow" because the complaint did not allege that Wife expressly conditioned her continued prosecution of Husband upon failure to receive access to the credit card. We disagree.

A cause of action for abuse of process requires a plaintiff to plead that: "(1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper or perverted process; and (3) the plaintiff was injured as a result of defendant's action." *Hardick v. Homol*, 795 So. 2d 1107, 1111 n.2 (Fla. 5th DCA 2001) (citation omitted). "The usual abuse of process claim involves some form of extortion–using a criminal prosecution to force payment of a civil debt." *Bembry v. City of Tallahassee*, 19 Fla. L. Weekly Fed. D 661 (N.D. Fla. Apr. 24, 2006) (citation omitted).

Here, Husband alleged that Wife referenced the criminal charges and implicitly demanded use of his credit card or she would do something that "he could not fix." The complaint alleged that she made this threat in an attempt to extort Husband after the State had filed formal charges against him, and that Wife thereafter filed a false affidavit and a request for prosecution.

These allegations sufficiently allege that Wife attempted to extort Husband by using the pending criminal proceedings to gain use of his credit card. Husband was not required to allege that Wife expressly connected the use of Husband's credit card to the pending criminal proceedings. Therefore, we conclude that the complaint sufficiently

4

alleged a cause of action for abuse of process, and the trial court's order dismissing this claim with prejudice was in error.

### *Husband's Malicious Prosecution Cause of Action*

Wife also argues, without citation to authority, that the malicious prosecution cause of action[2] was properly dismissed because it did not allege that "there was no chance of a conviction or exculpatory evidence existed" and that the State did not admit that Husband was innocent of the criminal charges. We again disagree.

"It is axiomatic that a plaintiff in a malicious prosecution case must, as an essential element of that cause of action, establish that the prior litigation giving rise to the malicious prosecution suit ended with a 'bona fide termination' in that party's favor." *Doss v. Bank of Am., N.A.*, 857 So. 2d 991, 994 (Fla. 5th DCA 2003) (citations omitted). This means that the prior proceeding must end in a manner that indicates the plaintiff's innocence of the charges or allegations. *Id.* In other words, "suits that terminate because of technical or procedural reasons or considerations other than the merits of the first suit, are not 'bona fide terminations' and will not support a malicious prosecution suit." *Id.* at 995.

The complaint in this case alleged that the charges against Husband were nolle prossed "after a review of the merits" because the chance of a conviction was "slight" and that the nolle pros was not based upon any "technical or procedural reasons." Husband

---

[2] "In order to prevail in a malicious prosecution action, a plaintiff must establish that: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994) (citations omitted).

was not required to allege that the nolle prosequi was entered because "there was no chance of a conviction or exculpatory evidence existed." Likewise, the State was not required to explicitly affirm Husband's innocence before he could maintain a cause of action for malicious prosecution. As such, we find that the trial court erred when it dismissed Husband's complaint for failure to plead a bona fide termination of the criminal proceeding in his favor.

We therefore reverse the trial court's order dismissing the complaint with prejudice and remand for further proceedings.

REVERSED and REMANDED.

COHEN, C.J., TORPY, AND EISNAUGLE, JJ., concur.